## J. F. RICHARDSON v. D. S. CAGE COMPANY.

### No. 2827.    Decided June 30, 1923.

### (252 S. W., 747.)

**1.—Venue—Plea of Privilege.**

In order to entitle plaintiff to bring his suit against defendant in a county other than that of the latter's residence, he must bring his case clearly within one of the exceptions to the statutory rule.    (P. 156).

**2.—Same—Burden of Proof.**

Plaintiff must allege and prove facts bringing his case within one of the exceptions to the rule requiring defendant who pleads that privilege to be sued in the county of his residence. And where the exception is the joinder of a defendant residing in the county where suit is brought he must allege a good cause of action against such resident defendant, on a liability either joint or arising out of the same transaction.    (Pp. 156, 157).

**3.—Same—Case Stated.**

Plaintiff sued defendant for the price of merchandise (cocoanut bags) sold and shipped to defendant by express alleging that delivery was to be f. o. b. at point of shipment, that defendant refused to pay because only a part was delivered, and plaintiff joining the express company, as liable in such case for the non-delivery. Defendant, resident of another county, pleaded his privilege to be sued there. Defendant testified (the only evidence heard on the plea) that he refused to receive and pay for the shipment because the bags were rotten, defective, and not such as plaintiff agreed to sell. *Held* that the plea should have been sustained, such joinder of the resident express company as co-defendant being insufficient to sustain the venue.    (Pp. 157-159).

**4.—Same—Sale—Delivery—Shipment—Cause of Action.**

On a sale of articles to be delivered by the seller f. o. b. at point of shipment, the property passes by such delivery and the purchaser, not the seller, is entitled to any damages recoverable against the carrier for non-. delivery or damage to the goods. The shipper, though permitted to sue the carrier therefor as being the maker of the contract, does so as presumed trustee of the interest of the consignee and on his presumed acquiescence. He can only maintain the suit on such presumption, not over the consignee's objection.    (P. 158).

**5.—Same.**

It seems that in no aspect of the case did plaintiff have a cause of action against both the express company and the consignee. If the title passed to consignee on delivery at the point of shipment he had none against the carrier. If it was to pass at the point of destination he had none against the consignee.    (Pp. 157-159).

Question certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

The Supreme Court, having referred the question to the Commission of Appeals, Section A, for its opinion thereon, here adopts same as its answer to the question certified.

*Stevens & Stevens*, for appellant Richardson.

The evidence further showed that the only issue between the plaintiff and the defendant, Richardson, was whether the plaintiff had shipped the kind of bags which were ordered, thus making the case as between the plaintiff and the defendant, Richardson, one of vendor and purchaser, pure and simple. This cause of action, if any existed in favor of the plaintiff as against the defendant Richardson, was an entirely different cause of action, if any existing, in favor of the plaintiff against the other defendant, American Railway Express Company, hence the parties defendant were improperly joined for the reason, that the plaintiff is not prosecuting a common cause showing joint liability against the two defendants, wherefore the Court erred in not sustaining the plea of privilege of the defendant, Richardson. Railway Company v. Mangum, 68 Texas, 346; McCauley v. McElroy, 199 S. W., 317; American Portable Silo Co. v. Worrall, 194 S. W., 480; Thomas Goggan & Bro. v. Morrison, 163 S. W., 119; Stevens v. First National Bank, 146 S. W., 620; Ft. Worth Horse and Mule Co. v. Smith, 149 S. W., 200; Holloway v. Blum, 60 Texas, 625; National Bank v. Gates, 213 S. W., 720; Danciger v. Smith, 229 S. W., 909; Kansas City P. N. H. R. Co. v. Bermea Land & Lumb. Co., 54 S. W., 324; Henderson v. Kissam, 8 Texas, 46; Pool v. Pickett, 8 Texas, 122; Roan v. Raymond, 15 Texas, 78; Christie v. Gunter, 26 Texas, 700; Jones v. Austin, 6 Texas Civ. App., 505, 26 S. W., 144; Blum v. Root, 2 App. C. C. (Wilson) 98; Vogelsang v. Mensing, 1 App. C. C. (White & Wilson) 1165; Looney v. Le Gierse, 2 App. C. C. (Wilson) 532; Chaison v. Bauchamp, 34 S. W., 303; First Nat'l Bank v. Martin & Co., 162 S. W., 1029; G. C. & S. F. Ry. Co. v. Boger, 169 S. W., 1093; Stewart v. Gordon, 65 Texas, 344.

*Campbell, Myer & Freeman*, and *W. Ray Scruggs*, for appellee, D. S. Cage Co.

When suit is brought against two or more defendants, the same may be instituted and maintained in the county in which any one of the defendants resides, unless it be shown that there is an improper joinder. Article 1830, R. S. of Texas 1911, Subd. 4; Article 1830, R. S. of Texas 1911, Subd. 24; Diamond Mill Co. v. Adams-Childres Co., 217 S. W., 176; Keller Co. v. Mangum, 161 S. W., 19; Hoffman v. Association, 85 Texas, 409, 22 S. W., 154; Railway v. Short, 51 S. W., 261; Baldwin v. Richardson, 87 S. W., 353.

Where a shipper delivers goods to a carrier for shipment and the carrier fails to deliver them or fails to deliver them in as good condition as they were received, the shipper has a cause of action against the carrier. So. Kansas Ry. Co. of Texas v. Morris, 100 Texas, 611, 102 S. W., 396, 123 Am. St. 834; Railway v. Smith, 84 Texas, 348, 19 S. W., 509; Railway v. Patterson, 144 S. W., 698; Railway v. Brass, 133 S. W., 1075; Railway v. Laws, 125 S. W., 973; Parke v. Railway, 30 S. W., 708; Railway v. Barnett, 26 S. W., 782; Railway v. Klepper, 24 S. W., 567.

Plaintiff may join in the same action all parties against whom he may assert a joint or alternative liability. Trevethan v. Hall, 209 S. W., 447; Kemendo v. Fruit Dispach Co., 131 S. W., 73; Harris v. Cain, 91 S. W., 866; M., K. & T. Ry. Co. v. Elias, 184 S. W., 312; Clegg v. Varnell, 18 Texas, 294; H. & T. C. Ry. Co. v. Graves, 50 Texas, 181; Love v. Keowne, 58 Texas, 191; San Antonio, etc. Ry. Co. v. Griffin, 48 S. W., 542; Michie's Digest, Vol. 1, p. 132, and the many authorities therein cited.

A cause of action upon a contract for the price of merchandise can properly be joined with a cause of action against a common carrier for failure to deliver the goods in as good condition as they were received. Trevethan v. Hall, 209 S. W., 447; Kemend v. Fruit Dispatch Co., 131 S. W., 73.

MR. JUDGE GERMAN delivered the opinion of the court.

This case was certified to the Supreme Court by the Court of Civil Appeals for the First Supreme Judicial District at Galveston. The following are the material facts:

D. S. Cage Company filed suit in the County Court at Law of Harris County against J. F. Richardson, a resident of Liberty County, Texas, and the American Railway Express Company, a foreign corporation with its principal Texas office and place of business in Harris County. The parties will be designated as in the lower court.

Plaintiff alleged in substance that about the 19th day of November, 1918, the defendant Richardson purchased from it 800 cocoanut bags at an agreed price of $220; that plaintiff agreed to furnish and deliver said bags to the American Railway Express Company at Houston, Harris County; and that sale was made upon the basis known as f. o. b. Houston, meaning that the bags at the price quoted would be delivered to the carrier at Houston for shipment to the defendant at Liberty. Plaintiff further alleged that the bags were properly marked and addressed to defendant Richardson and were delivered by it to the American Railway Express Company at Houston in good condition for shipment to Richardson. That thereby Richardson became bound and liable to pay plaintiff the sum of $220 for said bags. It was further alleged that defendant Richardson was claiming that a part of the bags were not delivered to him by the Express

Company, and he was refusing to pay for same upon the ground that the bags were not to be paid for until after delivery was made to him, and the failure of the Express Company to deliver a part of the bags justified him in refusing to pay for same. Plaintiff specially denied that it was its duty to deliver the bags to Richardson, but alleged that they were delivered to the Express Company in good condition, and if same were not delivered to Richardson in good condition it was due to the fault of the Express Company. It alleged that if the court should find that it was plaintiff's duty to deliver the bags to Richardson at Liberty (which was not admitted, but denied), then the Express Company would be liable for conversion of the bags and for failure to deliver same according to the terms of their contract of carriage.

Defendant Richardson filed plea of privilege to be sued in Liberty County. This plea was controverted on the ground that the defendant Express Company had an agent and office in Harris County, and suit being properly brought in that county against said company, under Section 4 of Art. 1830, Richardson could also be sued in that county. In reply to the controverting affidavit Richardson alleged that the causes of action against him and the Express Company, if any, were separate and distinct, and that the Express Company had been joined in the suit simply for the purpose of attempting to obtain venue against him in Harris County.

It was admitted that defendant Richardson resided in Liberty County, and that none of the exceptions to exclusive venue in the county of one's residence existed, unless it was exception 4 to Art. 1830, and the only controverted issue was whether the venue in this cause came under said exception 4 with reference to suing two or more defendants who reside in different counties. It was also admitted that the Express Company was a common carrier for hire, with its principal Texas office in Harris County, and that it received the bags for transportation to defendant Richardson at Liberty as alleged.

The only testimony in the case was that of Richardson, who testified in substance that he ordered of plaintiff 800 cocoanut bags of standard quality to be shipped from Houston to Liberty, and that they were shipped in two lots. That when the first lot of 400 arrived he received them from the American Railway Express Company, but the bags did not come up to specifications. That when the second shipment arrived and was tendered to him by the Express Company he refused to take the same out of the express office, and his reason for declining to accept the same was that the bags were not the kind he ordered from plaintiff. He further testified that when the sacks arrived they were rotten and weak and were breaking out of the sacking and wrapping containing them.

The hearing was on the plea of privilege only. The trial court overruled the plea, and appeal was taken from that ruling. The question certified by the Court of Civil Appeals is as follows:

"Did the trial court err in overruling defendant Richardson's plea of privilege?"

Article 1830 of the statutes provides:

"No person who is an inhabitant of this State shall be sued out of the county in which he has domicile, except in the following cases, towit:

"(4). Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants reside."

In order that a party may be sued outside the county of his residence, the defendant who resides in the county where the suit is brought must be a proper or necessary party to the action. The rule also is that when the defendant is an inhabitant of this State he is entitled, as a privilege conferred by the statute, to be sued in the county of his domicile, and that to entitle the plaintiff to bring his suit in any other county he must bring his case clearly within one of the exceptions to the statutory rule. The defendant is not to be denied the privilege of being sued where he resides upon a strained or doubtful construction of the exceptional provision. Lasater v. Waits, 95 Texas, 555, 68 S. W., 500.

In the present instance, for plaintiff to be authorized to maintain its suit in Harris County as to defendant Richardson it must have a bona fide cause of action against the American Railway Express Company as well as against Richardson, which cause of action must be a joint one; or at least the cause of action against the Express Company must grow out of the same transaction and be so intimately connected with the cause of action against Richardson that the two should be joined under the rule intended to avoid a multiplicity of suits.

Without undertaking to establish a rule as to the general burden of proof under the provisions of Article 1903 of the statutes, where the plea of privilege has been controverted by the plaintiff, we will state that there are numerous decisions to the effect that in cases where the plaintiff seeks to maintain his suit against a defendant outside the county of his residence under certain exceptions to Article 1830, among which is included exception 4, it is required of him to allege and prove the facts necessary to clearly bring his case under the particular exception claimed by him as authority for the action. As to exception 4: First Nat. Bank of Bowie v. Bulls, 43 S. W., 577; as to exception 5: Gensberg v. Neely, 187 S. W., 247; as to exception 7: Coalson v. Holmes, 240 S. W., 898; Graves v. McCollum, 193 S. W., 217; Durango Land & Timber Co. v. Shaw,

165 S. W., 490; as to exception 9: Hilliard v. Wilson, 76 Texas, 184, 13 S. W., 25; as to exception 26: Pecos & N. T. Ry. Co. v. Thompson, 106 Texas, 460, 167 S. W., 801. In a case, as here, where the plaintiff attempts to allege a cause of action against one defendant, relying upon the existence of that cause of action as a basis to maintain his suit in the county where it is brought against another defendant who does not reside in that county, he being in possession of the proof upon which he relies to establish that cause of action, we think the rule ought to be that in the trial on the plea of privilege he should be required to prove the allegations of his petition to the extent of showing a bona fide cause of action against the resident defendant, or the plea should be sustained. However, whether that rule be applied here or not, it is well settled that in order to bring a case within the operation of exception 4 to Article 1830, and thus acquire jurisdiction over a defendant outside his county, the pleadings of the plaintiff must clearly show a cause of action against the resident defendant. Bingham v. Emanuel, 228 S. W., 1015; Kansas City, P. & G. Ry. Co. v. Bermea Land & Lumber Co., 54 S. W., 324; Beauchamp v. Chester, 39 Texas Civ. App., 234, 86 S. W., 1055; Groos v. Brewster, 55 S. W., 590.

In the present case we do not think the plaintiff has alleged sufficient facts, in the light of the testimony of Richardson, to show a cause of action against the American Railway Express Company. The allegation of the petition to the effect that Richardson was claiming that the Express Company had never delivered the bags is contrary to the testimony, as it is shown that Richardson received and accepted 400 of the bags, and the other 400 were tendered to him by the Express Company. It is therefore apparent that plaintiffs could have no cause of action against the Express Company for failure to deliver the bags, and in no event could it have a cause of action against the company for the 400 bags which were delivered and accepted by Richardson. As to the other 400 bags, there could be no cause of action against the Express Company, under the allegations of the petition, except for damages to same. As to these bags Richardson testified that his reason for declining to accept the same was that the bags were not the kind he had ordered from the plaintiff. If this be accepted as true, the Express Company was in no way responsible for the failure to accept the bags and could not be held liable. However, Richardson further testified that when the sacks arrived they were rotten and weak and were breaking out of the sacking or whatever they were tied up in, and that they were not fit for his purpose, and he refused the last shipment. In view of this statement, and the allegation that the bags were in good condition when delivered to the Express Company by the plaintiff, it is insisted that the bags were damaged while in the possession of the Express Com-

pany, and it would be liable for such damage. If this be admitted, we still believe that plaintiff has not shown by its allegations that it is entitled, in this action, to sue for such damage.

It is apparent from plaintiff's petition that it intended to allege a contract of purchase on the part of Richardson, and a consignment of the goods in such manner, that, so far as it was concerned, the contract was fully performed and title to the bags vested in Richardson when delivery was made to the Express Company at Houston. Under the facts alleged delivery to the carrier at Houston was delivery to Richardson, and title vested in him. Alexander v. Heidenheimer, 221 S. W., 943. This being true, the presumption is that the purchaser or consignee is the person prima facie entitled to sue the carrier for loss or damage to the shipment. In Corpus Juris, Book 10, page 350, it is stated:

"In general, the presumption is that the title to the goods passes to the consignee on delivery to the carrier; and he is considered the person prima facie entitled to sue for loss or injury to goods shipped, although the contract of affreightment was made with the consignor. The action may be ex delicto or ex contractu, the contract of shipment being presumed to have been made for the consignee's benefit. Nevertheless the presumption that the consignee is the owner of the goods is not conclusive and may be rebutted; and if the presumption is overcome, the action may be properly brought in the name of the consignor."

We are not unmindful of the rule announced in Southern Railway Co. v. Morris, 100 Texas, 611, 102 S. W., 396; Missouri Pac. Ry. Co. v. Smith, 84 Texas, 348, 19 S. W., 509, and numerous cases following them, in which it is held that as between the consignor and the carrier there are cases in which the consignor may maintain a suit against the carrier, although he is not the true owner of the goods. This is upon the theory that the consignor is considered the trustee of an express trust, and his recovery will inure to the benefit of the consignee or real owner. This is manifest from the language of the Supreme Court of Wisconsin adopted by Judge Gaines in the case of Railway Company v. Smith, supra, which is the case upon which all succeeding cases have been based:

"The shipper is the party in interest to the contract, and it does not lie with the carrier who made the contract with him to say, upon a breach of it, that he is not entitled to recover the damages, unless it be shown that the consignee objects, for without that it will be presumed that the action was commenced and is prosecuted with the knowledge and consent of the consignee and for his benefit."

A careful reading of all the cases in this State holding that the shipper or consignor had a right to maintain the action will disclose that this was the underlying principle governing the decision. No

case can be found where the consignor was permitted to recover against the carrier when the proof showed that he was not the real owner, except on the theory that the suit was by the presumed request of the owner and for his benefit.

The petition in this case discloses no such condition, and alleges nothing that would overcome the presumption that if there were loss or damage to the shipment Richardson would be the party prima facie entitled to sue therefor. The petition negatives the idea that the plaintiff is suing for the benefit of Richardson, as the real owner of the bags, and Richardson occupies the position of one who is objecting to the proceeding, at least to the extent that it will authorize a trial outside the county of his residence. Under the rule requiring the plaintiff to bring his case clearly within the statutory exception, we do not think plaintiff has alleged or proven such cause of action against the Express Company as will authorize it to maintain the suit in Harris County against defendant Richardson.

Plaintiff relies upon the case of Trevathan v. Hall & Son, 209 S. W., 447. While it is not shown in the opinion in that case, yet it is inferable that the shipment of potatoes was made in such manner that title did not vest in Trevathan prior to the time the alleged damage to the potatoes occurred. However, in that case Judge Hightower gives no reasons upon which the opinion is based, but merely refers to the case of Kemendo v. Fruit Dispatch Co., 61 Texas Civ. App., 631, 131 S. W., 73. That case is not authority here. In that case the railway companies were objecting to the proceeding. In disposing of their contention the court said:

"If the railway companies were guilty of negligence whereby the bananas were rendered worthless, they were responsible for such damages, either to the consignor or the consignee. Therefore it seems that they were not improperly joined in the suit. Especially is this true where, as here, the allegations of the pleadings render it doubtful to which party their liability was due, and the general policy of our law, which is to avoid multiplicity of suits, it seems to us would justify the course here pursued."

That case might be authority if the Express Company were objecting to the proceeding.

Giving to the pleadings the most favorable construction to plaintiff, and indulging every possible presumption in favor of the action of the trial court, we think it apparent that plaintiff did not allege or prove itself entitled to maintain venue against Richardson in Harris County. We therefore answer the question propounded by the Court of Civil Appeals as follows:

The trial court erred in overruling the defendant Richardson's plea of privilege.

The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,*
Chief Justice.