ers v. City of Taylor (Tex. Com. App.) 16 S.W. (2d) 520 and cases cited.

█ To sustain such a contract as is here claimed, would be in the face of that well-recognized rule and render impotent the administrative control of the highway commission with respect to the designation, location, relocation, abandonment, or discontinuance of roads forming part of the state highway system.

We therefore answer the third question in the negative, which renders unnecessary any answer to the other questions.

CURETON, C. J.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

## GENOVESE v. BUTT.
### No. 1539—5854.

Commission of Appeals of Texas, Section A.
April 28, 1932.

Greenwood & Lewis, of Harlingen, for plaintiff in error.

James L. Abney and Faulk & Abney, all of Brownsville, for defendant in error.

HARVEY, P. J.

This is a suit for damages brought by the plaintiff in error, Joe Genovese, against the defendant in error, H. E. Butt, for malicious prosecution. The trial court peremptorily instructed the jury to return a verdict for Butt, and judgment was entered on the verdict so returned. The Court of Civil Appeals affirmed that judgment. 32 S.W.(2d) 379.

Butt owns a store in Harlingen known as the Harlingen Piggly Wiggly. Butt does not conduct the store in person, but operates same through agents. On November 3, 1928, Genovese purchased some goods in the store, and gave a check for the purchase price. The check was made payable to "Piggly Wiggly" or bearer. Genovese cannot read or write English. He requested the clerk in the store to write the check for him, and instructed the clerk to write the check against the First National Bank of La Feria, Tex. The clerk wrote the check against the First National Bank of Harlingen, Tex. Genovese, being unable to read or write English, signed the check, believing it to be drawn on the La Feria bank where he had sufficient funds on deposit to meet the check. The Harlingen bank refused payment of the check when same was presented for payment, for the reason that Genovese had no funds on deposit there. Some time afterwards, one H. E. Kelley was employed by Butt as manager of the store. In February, 1929, Kelley swore to a complaint, before a justice of the peace, in which Genovese was accused of the crime of swindling, on account of the giving of said check. A warrant of arrest was duly issued for Genovese and he was arrested. Prior to his arrest Genovese did not know that the check had not been paid, or that it had been drawn on the wrong bank. At the trial of Genovese for the offense of swindling, a judgment of acquittal was rendered. There is no evidence to show that Butt ever knew of the check having been given, or of the filing of the complaint by Kelley against Genovese, prior to the present suit. Nor is there any evidence to show that Butt ever authorized or ratified Kelley's action in making the complaint. The record discloses that Kelley was the "manager" of the store for Butt. Beyond the simple fact that Kelley was such "manager," nothing appears in evidence to show the scope of his authority as agent for Butt.

The question presented for decision is whether or not the bald fact that Kelley was manager of the store, at the time he made the complaint against Genovese, implies authority in Kelley, as the agent of Butt, to initiate said criminal action. We do not think it does. The unpaid check represented a debt which Genovese owed Butt for the goods purchased at the time the check was given. Conceding that, as manager of the store for Butt, Kelley had implied authority to collect the debt, still such implied authority did not extend to the institution of a criminal prosecution, for the reason that a criminal prosecu-

588

tion is not a customary and proper means of collecting a debt due from one person to another. 38 C. J. p. 453. The plaintiff in error relies on the case of Gulf, C. & S. F. Railway v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743, as sustaining his contention that Kelley's implied authority, as manager, extended to the institution of the criminal action in question. That case is distinguishable from this on the facts. In that case, which was for the recovery of damages for malicious prosecution, the defendant was a foreign corporation doing business in this state. The criminal prosecution there involved had been instituted at the instance of one Snyder, who had entire control and management of the affairs of the corporation in this state. In legal contemplation, the corporation itself was present in the person of Snyder, and acted for itself, in initiating the criminal action involved. See Piano & Organ Co. v. Anderson, 97 Tex. 432, 79 S. W. 516.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.