### EPPENAUER et al. v. SCRUGGS et al.
### No. 2747.

Court of Civil Appeals of Texas. El Paso.
Dec. 9, 1932.

W. H. Lipscomb and G. O'Neal Dendy, both of San Angelo, for appellants.

Henry Russell and Hubbard & Kerr, all of Pecos, for appellees.

WALTHALL, J.

The sole question presented in this appeal is one of venue.

On February 3, 1931, plaintiffs Bob Scruggs and Leonard Proctor filed their original petition in the district court of Reeves county against defendants A. R. Eppenauer and C. G. Nelson, which petition, omitting the formal heading, reads as follows:

"Comes now Bob Scruggs, a resident of Midland County, Texas, and Leonard Proctor, a resident of Midland County, Texas, doing business as co-partners under the name of Scruggs-Proctor Buick Company, and complaining of A. R. Eppenauer, a resident of Reeves County, Texas, and of C. G. Nelson, a resident of Loving County, Texas; and for cause of action plaintiffs represent:

"First. That the defendant A. R. Eppenauer about the 3rd day of December, 1930, entered into an agreement with the plaintiffs, by the terms of which the plaintiffs conveyed to the defendant Eppenauer a 1931 model Buick Coupe, for which the defendant paid the plaintiffs the sum of Sixteen Hundred and Twenty-five ($1,625.00) Dollars in cash, and sold and agreed to convey and deliver to the plaintiffs one (1) second-handed Cadillac Roadster, with a Tool Pusher body. That said bargain, and sale, was so made in Reeves County, Texas, on the 3rd day of December, 1930, and said bargain was verbal.

"Second: After said agreement, bargain and sale was made and in keeping with the terms thereof the plaintiffs executed a conveyance of said Buick Coupe, and delivered said conveyance and said Buick Coupe to said defendant Eppenauer, and said defendant Eppenauer paid to the plaintiffs the sum of Sixteen Hundred and Twenty Five ($1625.00) Dollars, and told plaintiffs that said Cadillac Roadster was located in the possession of the defendant Nelson near Porterville, in Loving County, Texas, and directed them to take possession thereof, and agreed to execute a conveyance of said car.

"Third: That the said defendant Eppenauer took possession of said Buick Coupe and converted same to his own use and benefit, but when the plaintiffs attempted to take possession of said Cadillac Roadster, which said defendant Eppenauer had sold to the plaintiffs and agreed to convey to them, that said defendant Nelson refused to convey the same, and the defendant Nelson refused to permit plaintiffs to take possession thereof, and same is in the possession of the defendant Nelson in Loving County, Texas, and said defendant Nelson refused to deliver possession thereof to the plaintiffs.

"Fourth: That said car is the property of the defendant Eppenauer, and said defendant alleges that said Nelson is refusing to deliver same to plaintiffs on account of the directions so to do by said defendant Eppenauer. That said car is of the value of Five Hundred ($500.00) Dollars in Loving County, Texas, and was of such value at the time and place of such sale. That the rental value of said Cadillac Roadster is the reasonable sum of One ($1.00) Dollar per day.

"Wherefore, premises considered, plaintiff prays that the defendants, and each of them be cited to appear and answer this petition, and upon final trial plaintiff have judgment for the title and possession of said car, and further have judgment for the sum of One ($1.00) Dollar per day from the 3rd day of December, 1930, to the date of the filing of this

suit; and further have judgment for the sum of One ($1.00) Dollar per day from this date until the trial of this cause, which plaintiff represents is the reasonable rental value of said car, and the actual cash market value of the use thereof during said period. Plaintiffs further pray for cost of suit, and all other and further relief in law or equity, to which they may be entitled in the premises.

"Should it develop upon the trial of this cause that for any reason the defendants cannot deliver said car to the plaintiffs, or it has been lost or injured, then in the alternative plaintiffs pray that they have judgment for the sum of Five Hundred ($500.00) Dollars, with interest from the 3rd day of December, 1930, and all cost of this suit, and all other and further relief in law or equity to which they may be entitled in the premises."

To which petition each of defendants filed his plea of privilege. Each of said pleas is in the same verbiage, and for brevity we copy only one. It is as follows:

"Bob Scruggs et al. v. A. R. Eppenauer et al. No. 3017.

"In the District Court of Reeves County, Texas.

"Now comes A. R. Eppenauer, one of the defendants in the above entitled and numbered cause and says, that this Court ought not to have or take further action or cognizance of this suit, than to have the same transferred to the Court having jurisdiction of the person of this defendant, because he says that he is not now and was not at the institution of this suit, nor at the time of service of such process on him herein, nor at the time of the filing of this plea, a resident of the County of Reeves, the County in which this suit was filed and is now pending, but he is now and was at the time of the institution of this suit and at the time of the service of process on him, and at the time of the execution and filing of this plea, a resident of the County of Tom Green, State of Texas, where he then and now resides, and that no exception to exclusive venue in the County of ones residence, provided for by law, exists in said cause; That this suit does not come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained in the County of Reeves, State of Texas, or elsewhere outside of the County of Tom Green, State of Texas.

"Wherefore, premises considered, defendant prays the Court that the above suit be transferred to the District Court of Tom Green County, Texas, and for such orders herein that may be necessary and proper.

"A. R. Eppenauer, Defendant."

Each of the said pleas was duly verified. Plaintiffs filed a verified controverting plea which the court set down for hearing on a day specified and ordered that service of said plea be made. On the hearing defendants filed a plea of amicus curiæ suggesting in effect that plaintiffs had waived their right of a hearing on said controverting plea, stating the ground on which said waiver was based. No evidence was offered or action seems to have been taken by the court on the controverting plea except as stated in the judgment that defendants' amicus curiæ plea was overruled.

We refer to the controverting plea for the purpose only of ascertaining the exception under article 1995, Rev. Civ. Statutes, under which plaintiffs sought to fix the venue of the suit in Reeves county. The plea refers to plaintiff's petition, and makes it a part of the controverting plea; the plea briefly states that the nature of the suit was to recover as against defendants an automobile located in Loving county, which county was attached to Reeves county for judicial purposes, and "that under the provisions of subdivision 10 of article 1995, of the Revised Civil Statutes of Texas, 1925, this court has jurisdiction of this controversy, in that said automobile was at said time, and is now in the possession of the defendant." The gist of the controverting plea, stated briefly, was: That the suit was for the recovery of an automobile, personal property; that the automobile at the time of the filing of the suit was in Loving county, a county attached to Reeves county for judicial purposes.

Apparently without action of the court on the controverting plea, other than to overrule the amicus curiæ plea, plaintiffs presented to the court a general demurrer to defendants' pleas of privilege which demurrer the court heard and ordered that plaintiffs' general demurrer to the plea of privilege be sustained and the pleas of privilege be overruled, to all of which rulings of the court defendants duly excepted and in open court gave notice of appeal and have perfected said appeal to this court.

### Opinion.

We will designate the parties as plaintiffs and defendants as in the trial court.

Defendants assigned error, and germain thereto submit that, defendants having in due time and in due order and in statutory form filed their respective pleas of privilege, in literal compliance with the requirements of article 2007, of the 1925 Revised Civil Statutes of this state, such pleas were not subject to a general demurrer. Plaintiffs have not filed briefs in this case.

Article 2007 of our present statutes provides: "A plea of privilege to be sued in the county of one's residence shall be sufficient if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process thereon, nor at

the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at the time of such plea, and that 'no exception to exclusive venue in the county of one's residence provided by law exists in said cause'; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

It might be observed that each of defendant's pleas of privilege is, in its verbiage, a literal compliance with article 2007 of our statutes. The pleas do not traverse and specifically deny the existence of the facts pleaded by plaintiffs fixing the venue of the suit in Reeves county; that is, the pleas do not specifically but inferentially deny the domicile of each of defendants to be in Reeves county, and do not deny the nature of the plaintiffs' suit as indicated in the petition, nor do the pleas specifically deny that plaintiffs' suit is for the recovery of personal property, nor deny that the automobile, for the recovery of which the suit was brought, was in Loving or Reeves county as alleged in plaintiff's petition.

We understand the Dallas Court of Civil Appeals in Barnum et al. v. Lancaster Hardware Company, 40 S.W.(2d) 1103, as holding that, where the plaintiff's petition states facts which bring his case under one of the exceptions to the general venue statute, and the defendant merely files a statutory plea of privilege to be sued in the county of his domicile, and does not specifically deny the facts pleaded by plaintiff fixing the venue of the suit in the county where the suit is filed, such plea of privilege is subject to a general demurrer. The attorneys for plaintiffs and the trial court in this case evidently so construed the Barnum v. Lancaster Hardware Company Case, and apparently followed it in presenting and sustaining the general demurrer.

We do not think such holding is a proper construction of the law, and in harmony with other holdings of our courts, and it has been so held in several cases.

As said by the Waco court in Eckert-Burton Const. Co. v. Board of School Trustees (Tex. Civ. App.) 51 S.W.(2d) 642, and in Johnson v. First National Bank (Tex. Civ. App.) 42 S.W.(2d) 870, the Legislature has prescribed the facts necessary to a plea of privilege, and has declared that, when the plea is in the form provided by the statute, it shall be sufficient, and the courts have no authority to hold otherwise.

A plea of privilege in conformity to the requirements of the statute cannot be reached by demurrer. American Fruit Growers, Inc., v. Sutherland (Tex. Civ. App.) 50 S.W.(2d) 898. To the same effect is Weatherly et al. v. White House Lumber Company (Tex. Civ. App.) 49 S.W.(2d) 522, by the Amarillo court. In the last-cited case Judge Hall cites many cases to which we refer without copying them here.

For reasons stated, the case is reversed, and it is ordered that the case be transferred to the district court of Tom Green county, Tex., for trial on the merits.