### ROONEY et al. v. MURPHY.
No. 2329.

Court of Civil Appeals of Texas. Beaumont.
June 29, 1933.

Hart Johnson, of Fort Stockton, for appellants.

Collins & Fairchild, of Lufkin, for appellee.

COMBS, Justice.

Appellee, Sherman Murphy, filed this suit in the district court of Angelina county, Tex., against W. P. Rooney, sheriff of Pecos county, Tex., and his official bondsman, Fidelity Union Casualty Company, and against D. J. Sibley, J. W. Potts, and W. R. Moore, of Pecos county, Tex., and W. L. Evans, sheriff of Angelina county, Tex., and his official bondsmen, John S. Redditt, E. J. Conn, and W. F. Peavy, to recover damages for alleged malicious prosecution of appellee in Pecos county and his subsequent arrest and false imprisonment in Angelina county.

Appellants W. P. Rooney, J. W. Potts, D. J. Sibley, and W. R. Moore filed their separate pleas of privilege to be sued in Pecos county, Tex., where they reside, and Fidelity Union Casualty Company filed its plea of privilege to be sued in Dallas county, Tex., where it is domiciled. Appellee filed a controverting plea to each of the pleas of privilege, setting up that the suit is properly maintainable in Angelina county under the provisions of subdivisions 4 and 9 of article 1995, R. S. 1925, in that each of said parties is a necessary and proper party, and is joined with other defendants who are necessary and proper parties, and who reside in Angelina county, and that the cause of action is based upon a trespass committed against the person of appellee in said county.

Upon a hearing of the several pleas of privilege by the court, a jury being waived, the court rendered judgment sustaining the plea of Fidelity Union Casualty Company and overruling the several pleas of appellants. Appellants Rooney, Potts, Sibley, and Moore prosecute this appeal from the order overruling their pleas of privilege.

In substance, appellee, in his petition, which was made a part of his controverting pleas, alleged that he was wrongfully arrested and falsely imprisoned in Angelina county by W. L. Evans, sheriff thereof, or by his deputy, on March 5, 1931, at the instance and request of appellants Rooney, Sibley, Potts, and Moore; that Moore, who was manager and operator of the Central Hotel, owned by appellants Sibley and Potts, had filed some character of complaint against appellee in Pecos county, as agent of Sibley and Potts, and had induced appellant Rooney, as sheriff of Pecos county, to send the following telegram to Evans, sheriff of Angelina county:

"Received at 108 N. 1st, Lufkin, Texas.
"D 75 22-Ft. Stockton Tex 5 507P 1931, Mar. 5
"Sheriff, Lufkin, Tex        P. M. 5 21
"Arrest Sherman Murphy driving yellow Chev roadster license No K 28585 charge swindling hotel hold and call
                    "W. P. Rooney Sheriff"

He further alleged that it was under such telegram that he was arrested, and that the charge filed against him in Pecos county was false and that it was willfully and maliciously made.

The evidence shows that appellee left Fort Stockton early on the morning of March 1, 1931; that he had been working for the Nehi Bottling Company there for about a year and had been rooming at the Central Hotel, owned by appellants Sibley and Potts and operated by appellant Moore as manager; and that at the time he left he owed the hotel $40 for room rent. Appellee testified that he went for a short visit to his parents in Angelina county and that he had an understanding with Moore before he left that the room rent was to be paid when certain indebtedness for salary due him by the bottling company should be paid. Moore denied that any such agreement was had or that he knew appellee planned to leave Fort Stockton. On March 1, 1931, the day appellee left, appellant Moore went before a justice of the peace in Fort Stockton and filed a complaint charging appellee with swindling the Central Hotel. On March 5, 1931, the telegram was sent to the sheriff of Angelina county by C. I. Miller, a deputy sheriff of Pecos county, under appellant Rooney, requesting the arrest of appellee. W. L. Evans, sheriff of Angelina county, caused the arrest of appellee by one of his deputies and confined him in jail for about thirty or forty minutes. He acted on the telegram set out above and never received any warrant or capias.

Two separate and distinct causes of action are shown by the pleadings and evidence; one being for malicious prosecution instituted in Pecos county, and the other being for illegal arrest and false imprisonment in Angelina county. The venue of a suit for

malicious prosecution lies in the county where the prosecution was begun, and before appellee could maintain venue over the appellants in Angelina county in face of their pleas of privilege to be sued in the county of their residence, it was necessary for him to show prima facie at least that they instigated, participated in, or in some manner ratified the illegal acts committed in Angelina county. Smith v. Rogers (Tex. Civ. App.) 34 S.W.(2d) 312; Hubbard v. Lord, 59 Tex. 384; Hilliard Bros. v. Wilson, 76 Tex. 180, 13 S. W. 25; Leach v. Stone (Tex. Civ. App.) 264 S. W. 620; Warwick v. First State Bank of Temple (Tex. Civ. App.) 296 S. W. 348; Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331. There is no showing whatever that either Moore, Sibley, or Potts had anything to do with the sending of the telegram which caused the arrest of appellee. The testimony is undisputed that neither knew that any such telegram had been sent until citation in this suit was served upon them.

As to appellant Rooney, whose name as sheriff of Pecos county was signed to the telegram, he testified that he was not in Pecos county when it was sent, but that he was in Junction, some two hundred miles away, attending court, and remained there about a week; that he knew nothing of the sending of the telegram until long afterward, when he learned that his deputy, C. I. Miller, had sent it. His testimony that he was not in Fort Stockton when the telegram was sent is corroborated by the testimony of J. T. Hensley, the deputy sheriff who arrested appellee in Angelina county. Hensley testified that after he had arrested appellee and brought him to Lufkin, and on the same day the telegram was received, he (Hensley) put in a 'phone call for Sheriff Rooney at Fort Stockton and learned that Rooney was out of town. He never had any communication with Rooney about the matter.

The basis of the suit for illegal arrest and false imprisonment is that the sheriff of Angelina county acted upon a mere telegraphic request and without any warrant. Articles 225, 227, 228, and 229 of the Code of Criminal Procedure provide that a warrant of arrest may be telegraphed, but it must be telegraphed verbatim, including the seal of the court, etc. Without discussing the matter at any length, we think the evidence wholly fails to connect appellant Rooney with the alleged illegal arrest and false imprisonment of appellee. Graves v. Buzbee et al. (Tex. Civ. App.) 45 S.W.(2d) 392; Brown v. Wallis, 100 Tex. 546, 101 S. W. 1070, 12 L. R. A. (N. S.) 1019; Maddox v. Hudgeons, 31 Tex. Civ. App. 291, 72 S. W. 414.

Since appellants, by proper pleas, challenged appellee's right to sue them outside the county of their residence, the burden was upon appellee to allege and prove that the suit comes within one of the exceptions of the statute in order to maintain venue over them in Angelina county. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Oakland Motor Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861.

It follows that this case should be reversed and remanded to the trial court, with instructions to grant appellants' pleas of privilege and transfer the case as prayed for.

Reversed and remanded, with instructions.