## SCHOELLKOPF CO. v. DAVES.
### No. 11457.

Court of Civil Appeals of Texas. Dallas.
April 14, 1934.

Leffingwell & Dixon, of Dallas, for appellant.

Bond & Porter, of Terrell, for appellee.

LOONEY, Justice.

The Schoellkopf Company, a corporation, sued B. H. Daves, a resident of Kaufman county, to recover the value of goods, wares, and merchandise sold and delivered. Defendant filed a plea of privilege to be sued in the county of his residence, which was not controverted, but in a supplemental petition, plaintiff urged exceptions, general and special, to the plea; these being overruled, the plea was sustained and venue changed, from which plaintiff appealed.

Plaintiff contends that, having alleged a contract in writing promising performance in Dallas county, defendant's formal statutory plea of privilege containing simply conclusions of law, was insufficient, hence the court erred in overruling plaintiff's exceptions thereto.

We overrule this contention. The rule has been definitely settled that a statutory plea of privilege, in cases of the nature of the one under consideration, not controverted by setting up under oath the fact or facts relied upon to confer venue where the suit is filed, should be sustained and the venue changed.

Plaintiff relies largely on our decision in Barnum v. Lancaster Hdwe. Co., 40 S.W.(2d) 1103, contending that "we held that a plea of privilege, in statutory form, is subject to demurrer if it fails to deny the allegations of the petition showing venue." The meaning of the language used in the opinion in Barnum-Lancaster is readily understood when the nature of the case is considered. The suit was by a creditor of the estate against the administratrix, venue of which was fixed by statute in the county where the estate was being administered (subdivision 6, art. 1995, R. S.); thus, the question of venue was one of law, and for the purpose of ascertaining the nature of the suit, we took cognizance of the allegations of plaintiff's petition. Brown v. Cox (Tex. Civ. App.) 53 S.W.(2d) 848, 849; Lloyds America v. Lloyds Southwest Insurers (Tex. Civ. App.) 56 S.W.(2d) 477; Commercial Standard v. Lowrie (Tex. Civ. App.) 49 S.W.(2d) 933, 936.

Venue of certain named actions is either fixed or authorized by statute; in such cases, the question of venue is one of law; whilst in others, venue is made to depend upon the existence of a fact or facts conferring same on the court where the cause is pending. So, in the Barnum-Lancaster Case, regardless of the residence of the administratrix, the statute authorized suit in the county where the estate was being administered, hence venue was not dependent upon proof of any fact or facts showing an exception to exclusive venue in the county of one's residence. It follows, therefore, that in cases where venue is fixed by statute, a formal plea of privilege tenders no issue of fact to be tried, and in

such a case the plea is demurrable, unless an allegation is made that plaintiff's characterization of the nature of the action was falsely and fraudulently made, for the purpose of showing local venue.

The distinction above mentioned has been repeatedly recognized. In Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114, the suit was by the Attorney General, under article 5420, R. S., fixing venue in Travis county (where the suit was filed), concurrently with the county of defendant's residence and the county where the land lies. The plea of privilege, as in the instant case, was not contested, but its legal sufficiency was challenged by demurrer, on the ground that, whether suit by the Attorney General was one coming within article 5420 was a question of law to be determined solely from the allegations of the plea and petition, and that the court could make such determination, even though the plea of privilege was not controverted under oath, as required by statute. Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328, was an action of trespass to try title to land situated in Jefferson county, where the suit was filed, alleging that the defendant's residence was in Kleberg county. In overruling defendant's plea of privilege, the court used the following language in point: "Appellant admits that plaintiff's petition contains the usual allegations in a suit in trespass to try title. It is also admitted that the land described in plaintiff's petition is situated in Jefferson county, the county in which the suit was brought. There are no allegations or pleadings whatever by appellant that the allegations in plaintiff's petition were falsely or fraudulently made for the purpose of conferring local jurisdiction. On questions of venue the character of an action is determinable solely by the allegations contained in the petition, and is a question of law to be determined by the court, and not a question of fact to be determined by testimony aside from the allegations in the petition. Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687; Galbreath v. Farrell (Tex. Civ. App.) 221 S. W. 1015; Hynson v. Gulf Production Co. (Tex. Civ. App.) 232 S. W. 873." In Commercial Standard Ins. Co. v. Lowrie (Tex. Civ. App.) 49 S.W.(2d) 933, 936, the San Antonio court, through Judge Smith, said: "In rare cases the nature of the suit alone determines venue. Such is the case in suits brought by the Attorney General to recover lands in behalf of the state, under article 5420, R. S. 1925; Duffy v. Cole Pet. Co., 117 Tex. 387, 5 S.W.(2d) 495. Under specific provision in that article those suits must be brought in Travis county, regardless of the residence of the defendants or location of the land, or of any other facts peculiar to a given case. In such suits, therefore, the question of venue is always one purely of law, to be determined from the pleadings, and never one of fact, to be determined by evidence. Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114." Also see Thomason v. Ham et ux. (Tex. Civ. App.) 210 S. W. 561.

However, it is obvious from comments made by the Amarillo court in Weatherly v. White House Lumber Co. (Tex. Civ. App.) 49 S.W.(2d) 522; by the San Antonio court in American Fruit Growers, etc. v. Sutherland (Tex. Civ. App.) 50 S.W.(2d) 898; by the Waco court in Eckert-Burton Const. Co. v. Board (Tex. Civ. App.) 51 S.W.(2d) 642; by the El Paso court in Eppenauer v. Scruggs (Tex. Civ. App.) 55 S.W.(2d) 254; and by the Austin court in Lloyds America v. Lloyds Southwest Insurers (Tex. Civ. App.) 56 S.W.(2d) 477, that our opinion in Barnum v. Lancaster, etc., Co., 40 S.W.(2d) 1103, is misunderstood, and the language used is given a broader meaning than we intended. We have consistently observed the distinction aptly stated by Judge Smith, in Commercial Standard Ins. Co. v. Lowrie (Tex. Civ. App.) 49 S.W.(2d) 933, 936, saying that, "in most cases two elements are to be considered in determining venue, first the nature of the action, and second, the facts which fix the venue of suits of that nature in a particular county, or, as in some cases, counties." We have written somewhat at length in order to clear up an obvious misunderstanding of our holding in the Barnum-Lancaster Case, and to say that our position on the subject is in accord with the other courts.

We think the judgment below should be affirmed, and it is so ordered.

Affirmed.