### CORNELL v. CRAMER.

### No. 3003.

Court of Civil Appeals of Texas. El Paso.
May 17, 1934.

Rehearing Denied June 7, 1934.

See, also, 72 S.W.(2d) 397.

L. J. Wardlaw, of Fort Worth, and D. B. Hardeman and R. G. Hughes, both of San Angelo, for appellant.

Shelby S. Cox and Wm. M. Cramer, both of Dallas, for appellee.

WALTHALL, Justice.

Statement of the Nature and Result of the Suit.

This case presents an appeal from an order overruling a plea of privilege.

Appellee, Wm. M. Cramer, as plaintiff in the court below, filed his original petition in the district court of Dallas county on the 27th day of December, 1932, in which he sued, as trustee for Mrs. Dorothy Schneider, Joseph W. Bailey, Jr., a resident of Dallas county, Tex., as the sole defendant. In such petition appellee alleged that James Cornell had executed a note, mineral deed (conveying mineral interests in Pecos county), and escrow agreement, describing the same, and that the mineral deed and escrow agreement had been deposited with defendant Bailey in Dallas, that the note executed by James Cornell had not been paid at maturity and thereafter, and, in accordance with the terms of the escrow agreement referred to, appellee had made a demand of defendant Bailey for the delivery of the mineral deed, and that the defendant Bailey failed and refused to deliver such deed to appellee; appellee's prayer in such original petition reading:

"Wherefore premises considered plaintiff prays that upon final hearing herein he have judgment or decree requiring defendant to deliver said deed to plaintiff, for costs and such other relief as to the court seems just and proper for all of which he will forever pray."

Thereafter, and on the 1st day of February, 1933, the defendant Bailey filed his original answer to appellee's original petition, in which he alleged that he had in his possession the escrow agreement and mineral deed described in appellee's original petition, and that in taking and keeping the same he had acted, and was then acting, as stake holder and escrow agent and that he had no other claim to such instruments, and he further alleged that:

"This defendant does not desire to further act as escrow agent or as stake holder and here and now tenders and deposits in the custody and registry of this Honorable Court the two instruments herein referred to for such disposition as the court may require or deem proper.

"Wherefore defendant prays that he be discharged."

Thereafter, and on the 25th day of February, 1933, appellee filed his first amended original petition in which, for the first time, James Cornell, a resident of Tom Green county, was named as a defendant. The allegations of such amended petition were practically the same as the original petition, with the exception that James Cornell was made a party, and it was alleged that James Cornell claimed to have some interest in such mineral deed and escrow agreement, but that such claims of the defendant Cornell were groundless and that appellee was entitled to have the mineral deed delivered to him.

On the 18th day of March, 1933, defendant James Cornell answered such suit by filing a plea of privilege in due form, alleging his residence to be in Tom Green county.

On April 4, 1933, appellee controverted said plea of privilege of the defendant James Cornell, in which controverting plea appellee attached a copy of his' amended petition and further alleged that this suit involved the title to and possession of the mineral deed and "the property which it evidences and covers," and that such deed was in the hands of Joseph W. Bailey, in Dallas county, Tex., and that both defendant Bailey and defendant Cornell were necessary parties to this suit.

On the 18th day of July, 1933, a hearing was had upon such plea of privilege filed by James Cornell, and controverting affidavit filed by appellee, and the trial court overruled such plea of privilege, to which action and ruling of the court James Cornell then and there excepted and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas, and thereafter, on July 28, 1933, James Cornell filed, in proper form, his appeal bond, which was duly approved by the clerk of the district court of Dallas county.

From the order overruling this plea of privilege, Cornell prosecutes this appeal.

### Opinion.

The uncontroverted facts shown by the record are substantially as stated above in the pleading.

At all times Bailey was the escrow agent or holder of the mineral deed and escrow agreement in the matters involved in the suit or controversy between the plaintiff Cramer and defendant Cornell. By the terms of this escrow agreement Bailey was directed, and it was his duty as the escrow agent, to deliver the escrow instruments to Cramer upon default in the payment of the note. By the terms of the escrow agreement, Bailey had no duty to perform as escrow agent other than the delivery of the instrument, the mineral deed, upon the failure of Cornell to pay the note at maturity. In the original petition the suit was against Bailey only, and the purpose of the suit and the judgment asked was to have Bailey as escrow agent, on default in the payment of the note, deliver the mineral deed to plaintiff as provided in the escrow agreement.

Escrow agent Bailey answered the suit and tendered into court the escrow mineral deed and resigned his escrow agency before the amended petition was filed making Cornell a party to the suit.

It is alleged in the amended petition that the reason for the refusal of Bailey to deliver the escrow mineral deed to plaintiff was that Cornell, through his attorney, claims some interest in the mineral deed, but that such claim is groundless, and prays that he have judgment or decree that the claim of Cornell is groundless and that Bailey deliver the deed to him.

Cornell having been brought into the suit with Bailey for the delivery of the deed to plaintiff, filed his plea of privilege to be sued in Tom Green county, the county of his residence.

The controverting affidavit refers to and makes the allegations in plaintiff's petition a part thereof, and alleges that the suit involves "the right to title and possession of a certain deed and the property which it evidences and covers"; that said deed is in the hands of Bailey, one of defendants, who is a necessary party to the determination of the controversy.

The court overruled the plea of privilege, and the only question presented here is as to the question of error in the court's ruling on the plea.

Subdivision 4, of article 1995, of the Statute of 1925, in part, provides: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

In Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747, 749, the Supreme Court stated the rule to be that, "in the trial on the plea of privilege he (plaintiff) should be

required to prove the allegations of his petition to the extent of showing a bona fide cause of action against the resident defendant, or the plea should be sustained." The court in that case referred to Lasater v. Waits, 95 Tex. 555, 68 S. W. 500, and said, "The defendant is not to be denied the privilege of being sued where he resides, upon a strained or doubtful construction of the exceptional provision" of the Statute. In McAlister v. City of Mertens et al., 43 S.W.(2d) 651, 653, the Waco Court of Civil Appeals held that, where it is sought to maintain venue against two or more parties in the county of the domicile of one of them under the provisions of subdivision 4, art. 1995, Rev. Stat., the causes of action against the defendants must be joint, or at least grow out of the same transaction and be so intimately connected that the two should be joined under the rule intended to avoid a multiplicity of suits, and further said that clearly "a suit against two defendants cannot be maintained in the county of the residence of one of them where the cause of action against one of the defendants is separate and distinct from the cause of action against the other."

In Citizens' Nat. Bank of Abilene v. Overstreet (Tex. Civ. App.) 46 S.W.(2d) 409, 412, the Texarkana court, referring to Richardson v. D. S. Cage Co., supra, said: "In order to make applicable the dominating venue of exception 4 a cause of action must be plainly shown against the resident defendant."

In Fort Bend Oil Co. v. Hurlbut et al. (Tex. Civ. App.) 52 S.W.(2d) 292, 293, the Galveston court said: "It has been uniformly held by our courts that to entitle a plaintiff to maintain suit under subdivision 4, article 1995, Revised Statutes of 1925, against a defendant who does not reside in the county in which the suit is brought, he must allege and prove a joint cause of action against the defendant who resides in another county and a defendant resident of the county in which the suit is brought."

In Padgett v. Lake Cisco Amusement Co. et al. (Tex. Civ. App.) 54 S.W.(2d) 201, the Eastland court held that, to fix the venue of a suit under subdivision 4 of article 1995, plaintiff must allege and prove a bona fide cause of action as to both the resident and nonresident defendants.

The Commission of Appeals, in discussing Henderson Grain Co. et al. v. Russ et al., 122 Tex. 620, 64 S.W.(2d) 347, 353, said that under subdivision 41 (article 1995), "in order to maintain venue over a nonresident defendant there must be, as to the resident defendant, a bona fide cause of action. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747. In other words, the nonresident defendant must be either a proper or necessary party. In such an action venue can be maintained on a nonresident defendant solely on the ground of the residence of the codefendant."

The inquiry here is: Does the record show a bona fide cause of action; that is, does it show that Cornell is a proper or necessary party to plaintiff's suit against Bailey? And, is plaintiff's cause of action a joint cause of action against Bailey and Cornell?

It is evident that the suit against Bailey is solely for the delivery to plaintiff of the mineral deed. Cornell had no character of possession or right of possession to the escrow instrument, nor did he have or owe to Cramer any duty in the matter of the delivery of the escrow, nor did he have any joint duty with Bailey in the matter of the delivery of the mineral deed to Cramer, whatever interest he might have in the deed, or whatever might be his attitude in the suit on the note or foreclosure of any lien on the property or interest described in the deed. Under the uncontroverted facts as disclosed by the evidence, the note not having been paid at maturity, Cornell did not have the right even to protest against the delivery of the deed by Bailey.

As we construe the issues presented on the plea of privilege, the duty of Bailey, to deliver the escrow instrument upon the happening of the contingency upon which the instrument was to be delivered, is in no sense a joint cause of action against Cornell in a suit on the note, nor, in a legal sense, does it grow out of the same transaction; and, Cornell not being a proper or necessary party in the suit against Bailey, venue cannot be maintained in Dallas county against Cornell solely on the ground of the residence of Bailey.

For reasons stated, the case is reversed as to Cornell, and judgment here rendered that the plea be sustained and the venue of the suit as to Cornell be changed to the district court of Tom Green county, the resident county of appellant and the county where the note is made payable.