## MUNDY v. WAITE et al.
### No. 9972.

Court of Civil Appeals of Texas.
San Antonio.

March 3, 1937.

Rehearing Denied April 21, 1937.

Tuck Chapin, of San Antonio, and D. B. Chapin, of Tyler, for appellant.

Roy Buckley, of Mission, and R. M. Bounds, of McAllen, for appellees.

SMITH, Chief Justice.

This is an appeal from an order sustaining pleas of privilege.

 The pleas were in the form prescribed by statute. Article 2007, R.S.1925. Appellant complains because the trial judge overruled a general and special demurrers to the pleas. Such pleas, in such form, are impervious to demurrers, since, under express terms of the statute, they are sufficient, within themselves, to make a prima facie case for change of venue. American Fruit Growers v. Sutherland (Tex.Civ.App.) 50 S.W.(2d) 898. The court, therefore, did not err in overruling the demurrers, and appellant's first and second propositions, raising the question, are overruled.

On the merits of the plea, appellant introduced no evidence other than his pleadings and controverting affidavit. Such evidence can have no other effect than to show the nature of the cause of action sued on. It is incompetent to show venue facts, which must be shown by other evidence, the burden of proof being upon the party invoking venue of the forum. Appellant did not meet, or offer to assume, this burden. American Fruit Growers v. Sutherland, supra; Commercial Standard Ins. Co. v. Lowrie (Tex.Civ.App.) 49 S. W.(2d) 933, 936. It is appropriate, although not necessary, to add that appellant's pleadings and controverting affidavit, if given full effect, were not sufficient to show venue in the forum.

The judgment is affirmed.