## SISCO v. SKLAR.

### No. 10684.

Court of Civil Appeals of Texas. Galveston.

Jan. 20, 1938.

Rehearing Denied Feb. 24, 1938.

Lane, Kilday & McComb, of Houston, for appellant.

Helene G. Daily and Wm. M. Nathan, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from an order of the Sixty-First district court of Harris county sustaining the plea of privilege of L. E. Sklar to be sued in Austin county—that of his residence—rather than in Harris county, where the venue of the cause had been laid; the plea conforms strictly to the requirements of R.S. art. 2007, but stops there, neither lacking any one of the essential elements prescribed by that act, nor setting up in addition thereto any extraneous facts that might have sustained the venue against him in Harris county; thereupon the appellant here, H. C. Sisco, who, as plaintiff in this proceeding below, had sued the appellee, Sklar, individually and as trading under the name of Houston Live Stock Commission Company, along with L. H. Warneke and Charles Bybee, as defendants, for damages for malicious prosecution of himself, joined issue with Sklar on the venue facts of the suit, as so brought, by filing his controverting affidavit to the plea of privilege, invoking in support of the venue as so laid R.S. Article 1995, subds. 4, 9, and subdivision 29a, as added in 1927, Vernon's Ann.Civ. St. art. 1995, subd. 29a. He alleged at length the facts on which he relied in that connection, in the main reiterating the declarations of his amended petition against each of the named defendants con-

stituting his cause of action for such claimed damages against him.

The learned trial court, after first overruling the appellant's general demurrer to the appellee's plea of privilege, on the ground that it came too late, heard the evidence upon the venue issues thus raised—which consisted of extended testimony adduced by the appellant, the appellee having offered none—and found upon the facts in that behalf in favor of the appellee, in consequence sustaining his plea of privilege, and ordering the suit as to him transferred to the district court of Austin county.

Through able counsel appellant in this court contends there was error below, on these two grounds: (1) That his general demurrer to the plea of privilege, which admittedly was in statutory form, should have been sustained; (2) that the evidence offered in his behalf fully sustained the essential venue facts brought into issue by the plea of privilege and his controverting affidavit thereto.

Neither of these contentions, it is thought, should be sustained; as concerns the first of them, under the characterization given this plea of privilege at the outset of this opinion, it was plainly impervious to the general demurrer so leveled against it, without reference to the time or order of its filing or presentment, since the now well-settled legal effect of that kind of a plea of privilege under the cited statute, article 2007, is to constitute it prima facie proof of the defendant's right to a change of venue, and to cast upon the plaintiff the burden of both alleging and fully proving—in the usual way, and not prima facie only—the specific facts so alleged and relied upon by him as bringing the cause within the particular exceptions to article 1995 he declares upon. Revised Civil Statutes 1925, art. 2007; Mundy v. Waite, Tex.Civ. App., 103 S.W.2d 1094; Schoellkopf Co. v. Daves, Tex.Civ.App., 71 S.W.2d 340; American Fruit Growers v. Sutherland, Tex.Civ.App., 50 S.W.2d 898; Eppenauer v. Scruggs, Tex.Civ.App., 55 S.W.2d 254; 33 Tex.Jur. 528; 43 Tex.Jur. 834; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Waco Cotton Oil Mill v. Walker, Tex.Civ. App., 103 S.W.2d 1071.

As to the second presentment, since the trial court found adversely to the appellant on the facts, upon what this court deems to have been amply supporting evidence, there is no authority here to set that determination aside. Compton v. Elliott, supra, 88 S.W.2d at page 95, pars. 6, 7, and authorities cited.

The Compton v. Elliott cause, in its main features, was very similar to the one at bar—having been an instance of a damage action for malicious prosecution against the defendant in a foreign county, under the same statutes as were here involved, and in which the Supreme Court, in approving a very able opinion by the Commission of Appeals, declared the principles of law that must also rule the cause at bar.

It would serve no needful purpose to here review in detail, or even attempt a comprehensive résumé of, the testimony adduced by appellant in support of his cause of action as against this appellee.

Suffice it to say that, while he alleged that appellee, acting with each of the other named defendants below, had falsely, wrongfully, and maliciously filed a complaint against him before J. M. Ray, as justice of the peace at Houston, on February 6 of 1937, charging him with having committed a felony in Harris county on December 29 of 1936, in having through false representations unlawfully acquired, with intent to appropriate them to his own use and benefit, six head of horses and mules belonging to the Houston Livestock Commission Company, he wholly failed to substantiate such a charge, as affected the appellee, in the following particulars:

(1) The affidavit upon which the malicious prosecution suit was based was shown to have been made by L. H. Warnecke alone, acting as an individual only, neither the Houston Live Stock Commission Company (which had been alleged to be owned by and to constitute merely the trade-name of appellee, Sklar) nor the appellee himself being shown to have had any knowledge of, or responsibility for, or connection with it in any way.

(2) There was no testimony indicating that either of the codefendants of the appellee was even a resident of Harris county, or that the latter acted with or authorized either of them to file this complaint in his behalf; nor, further, that the appellee became aware of the filing of it subsequently to the fact, and ratified or adopted it as his own act.

Such being the state of the case as made by the proof, the trial court could have done nothing else than make the adverse finding to appellant it did do, under these authorities: Waco Cotton Oil Mill v. Walker, Tex.Civ.App., 103 S.W.2d 1071; Rooney v. Murphy, Tex.Civ.App., 62 S.W. 2d 659; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Genovese v. Butt, Tex.Com.App., 48 S.W. 2d 587; Reed v. Lindley, Tex.Civ.App., 240 S.W. 348; Richardson v. D. S. Cage Company, 113 Tex. 152, 252 S.W. 747; Cornell v. Cramer, Tex.Civ.App., 72 S.W. 2d 394.

Since these conclusions determine the merits of the appeal, further discussion is foreborne. The judgment will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.

On Motion for Rehearing.

In ably inveighing in his motion for rehearing against this court's opinion upon original submission, appellant courteously requests the correction of what he terms an inadvertent misstatement of fact in the former opinion to the effect that the criminal complaint against appellant did not show that the appellee, Sklar, had anything to do with its filing, "whereas," he contends, "the complaint, on its face, shows that it was made by L. H. Warneke" (Houston Live Stock Commission Company)—"the latter name being Sklar's name according to the Assumed-Name Record of Harris County"; the request cannot be complied with, since the complaint on its face, while carrying this parenthetical insertion of the name of L. H. Warneke after Houston Live Stock Commission Company, otherwise expressly and indisputably shows precisely what paragraph (1) of this court's former opinion on that feature recites; furthermore, a re-examination of the statement of facts verifies that there is nothing whatever in the evidence to show any authority in L. H. Warneke from L. E. Sklar, expressed or implied, to sign a complaint against any one.

Wherefore, such being the undisputed state of the record, even if the evidence did go far enough to show that Warneke had been acting as a salesman for Sklar in Harris county, it certainly went no further than that, thus leaving the resulting relationship between the two

—as concerned this criminal complaint against the appellant—to be ruled by the principle stated in Genovese v. Butt, Tex. Com.App., 48 S.W.2d 587, cited in our former opinion, as follows: "Conceding that, as manager of a store for Butt, Kelley had implied authority to collect the debt, still such implied authority did not extend to the institution of the criminal prosecution, for the reason that a criminal prosecution is not a customary and proper means of collecting a debt due from one person to another."

The motion for rehearing has been carefully considered, but, under the conclusion that the cause was properly decided before, it will be overruled.

Overruled.

PLEASANTS, C. J., absent.