## GRAHAM MILL & ELEVATOR CO. v. JOHNSON.

### No. 1913.

Court of Civil Appeals of Texas. Eastland.

June 2, 1939.

Jimmie Cunningham, of Graham, for appellant.

Frank Sparks and Collie Bros., all of Eastland, for appellee.

GRISSOM, Justice.

J. U. Johnson instituted this suit in the County Court of Eastland County, Texas, against Frank Castleberry and Graham Mill and Elevator Company, a corporation. In plaintiff's original petition it was alleged that in 1935 and 1936, plaintiff purchased from the Graham Mill and Elevator Company "through defendant Frank Castleberry" a quantity of flour; that plaintiff paid to defendants a processing tax on said flour, which tax was later held to be unconstitutional; that by reason of the unconstitutionality of the Agricultural Adjustment Act, under which the processing tax was paid, "Graham Mill and Elevator Company, made application to the Treasury of the United States of America for a refund of the amount of the processing tax as paid by it, which refund included the $349.65 paid to defendant by plaintiff as processing taxes; that said sum of $349.65 has been refunded to defendant Graham Mill and Elevator Company by the Treasury of the United States of America, and plaintiff is entitled to a refund from defendants of the amount returned to them by the Treasury of the United States of America in the sum of $349.65."

The Graham Mill and Elevator Company filed its plea of privilege to be sued in Young County, the county of its residence. Plaintiff and defendant Castleberry were at all times in question residents of Eastland County. Plaintiff filed his controverting affidavit, in which his original petition was referred to and made a part thereof. In the controverting affidavit it was alleged that plaintiff purchased the flour from defendants, and that defendants collected from plaintiff said processing tax. Plaintiff therein further alleged that Graham Mill and Elevator Company had contracted in writing to repay to plaintiff, in Eastland County, the processing tax collected from plaintiff by defendants, and, therefore, plaintiff's cause of action came within the provisions of subdivision 5 of Art. 1995, Vernon's Ann.Civ.St.

On the day of the hearing of the plea of privilege, plaintiff filed an amended petition wherein it was alleged that plaintiff purchased the flour from defendants; that defendants collected the tax; plaintiff further alleged in said petition as follows: "In this connection plaintiff says that said tax was paid to the defendant Frank Castleberry on said flour and was collected and accepted by the said Frank Castleberry for himself and on behalf of the defendant Graham Mill and Elevator Company, a corporation, and said tax was so paid with the understanding and under the agreement that if said tax should be decreased or abated then and in that event said decrease or abatement should be deducted from the price so paid, and each of the said defendants agreed and bound themselves to refund and pay back to the plaintiff such tax above mentioned if and when abated."

Said amended petition contained the further allegation, that by reason of the unconstitutionality of the act under which the tax was collected, the Graham Mill and Elevator Company made application to the Treasury for a refund of said taxes so paid, "that said sum of $349.65 has been refunded to defendant, Graham Mill and Elevator Company, by the Treasury of the United States of America, and plaintiff is entitled to refund from the defendants of the amount return[ed] to them by the Treasury of the United States of America in the sum of $349.65."

We think it is apparent from the foregoing statement that the original petition, having been referred to and made a part of the controverting affidavit, together with the controverting affidavit proper, constituted the only pleading of the venue facts, and that said amended petition, having no reference to the controverting affidavit and not being verified, constituted no part of the pleading relative to venue.

Plaintiff testified that the flour was bought from the defendants; that plaintiff paid the processing tax on the flour purchased; that the agreement with reference to a refund of the processing tax was contained in a written contract; that the written contract, or contracts, had been destroyed. "Specimen" contracts used by the Graham Mill and Elevator Company in its dealings with Frank Castleberry, relating to the sale of flour which has no connection with that upon which the plaintiff paid the processing tax, were introduced in evidence. The plaintiff testified that the printed provisions of the "specimen" contract introduced were identical with those of the contract executed at the time of the sale of the flour for which he sought to recover the processing tax paid by him. The contract introduced in evidence contained provisions

that the merchandise to which it referred was to be paid for in Tarrant County; that the contract was subject to confirmation by the seller at Fort Worth. It recited that the prices stated in the contract included the processing tax. It further provided "any decrease in the processing taxes as now or hereafter imposed by any legislative or administrative branch of the United States shall inure to the benefit of the buyer, if, as and when the benefit of such decrease has been actually realized and secured by the seller * * *." Plaintiff testified:

"Q. Did you personally sign a contract for the purchase of flour with the Graham Mill and Elevator Company? A. I did not.

"Q. So far as you and Graham Mill and Elevator Company individually are concerned there was no written contract between you? A. There was not.

"Q. There was no written contract between the Graham Mill and Elevator Company and you personally to refund this tax in Eastland County? A. There was no written contract between me and the Graham Mill and Elevator Company for anything.

"Q. Do you know whether Frank Castleberry has gotten any of this refund back or not? A. How would I know. * * *

"Q. The contract you mentioned was between yourself and Frank Castleberry? A. It was between me and Frank Castleberry. * * *

"Q. You paid Frank Castleberry for the flour and tax? A. I did.

"Q. You don't know whether Frank Castleberry paid the Graham Mill and Elevator Company or not, whether he paid the extra tax or not? A. I do not know."

Plaintiff's testimony to the effect that Graham Mill and Elevator Company did not agree in writing to repay to plaintiff at Eastland, Texas, the processing tax when it was abated, or when collected by it, shows conclusively plaintiff's failure to bring himself within the provisions of subdivision 5 of Art. 1995, as amended in 1935, Vernon's Ann.Civ.St. art. 1995, subd. 5. We think it is equally apparent that since the written contract was executed only by plaintiff and defendant Castleberry, and since the only provision of the contract with reference to a return to plaintiff of the processing tax paid by him, was that any decrease in the processing tax should inure to plaintiff's benefit only "if, as and when the benefit of such decrease has been actually realized and secured by the seller * * *", and since there is no evidence that either of the defendants ever received a refund of any of said processing tax, that the plaintiff has manifestly failed to show he has a bona fide cause of action against the resident defendant. Under such situation we are of the opinion that defendant's plea of privilege should have been sustained. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S. W.2d 1300; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747. See, also, Bewley Mills v. Johnson, 130 S.W.2d 342, this day decided by this court.

The judgment is reversed and the cause ordered transferred to the County Court of Young County.