## MILLS v. JOHNSON.
### No. 1914.

Court of Civil Appeals of Texas. Eastland.
June 2, 1939.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

Frank Sparks and Collie Bros., all of Eastland, for appellee.

GRISSOM, Justice.

Plaintiff, J. U. Johnson, sued Frank Castleberry and Bewley Mills, a corporation, in the County Court of Eastland County, Texas, alleging, in substance, that plaintiff purchased flour from defendants upon which plaintiff paid to defendants a processing tax, by paying said tax to Frank Castleberry, who, it is alleged, collected the tax for himself and Bewley Mills; that the tax was paid with the understanding and agreement "that if said tax should be * * * abated then and in that event said * * * abatement should be deducted from the price so paid, and each of said defendants agreed and bound themselves to refund and pay back

to the plaintiff such tax above mentioned if and when abated." Plaintiff alleged that the tax was held to be unconstitutional by the Supreme Court of the United States; that Bewley Mills made application for a refund of this particular tax; that it had been refunded to Bewley Mills, and that plaintiff was entitled to a refund from "defendants for the amount returned to them." That defendants had refused to make such refund.

Plaintiff and defendant Castleberry at all times in question were residents of Eastland County; Bewley Mills at all times in question was a resident of Tarrant County. Bewley Mills duly filed its plea of privilege to be sued in the county of its domicile. Plaintiff's controverting affidavit contained substantially the allegations heretofore referred to and contained in its amended original petition, and contained the further allegation that Bewley Mills contracted, in writing, to repay and refund said processing tax to plaintiff in Eastland County. Plaintiff sought to maintain his suit in Eastland County under subdivisions 4 and 5 of Art. 1995. Subdivision 4 is, in part, as follows: "Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

Subdivision 5, as amended in 1935, Vernon's Ann.Civ.St. art. 1995, subd. 5 provides: "Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Upon a hearing the plea of privilege was overruled. Bewley Mills has appealed.

In the controverting affidavit it was alleged that Bewley Mills contracted in writing to refund the processing tax to plaintiff in Eastland County. Such contract was not produced, and the plaintiff introduced in evidence an instrument referred to as a "specimen" contract, or, as we understand it, a printed form. Said form, identified as being identical with the one between the parties, contained the following provisions: " * * * if any tax included in the price hereof shall be * * abated, then, in that event, said * * * abatement shall be deducted from the price hereof." "12. Place of Performance:

That this agreement is performable in Fort Worth, Tarrant County, Texas, * * *."

After a careful search we have been unable to find any evidence that Bewley Mills contracted in writing to refund to plaintiff in Eastland County any processing taxes. We find no evidence of any promise in writing by Bewley Mills to pay plaintiff anything, in any event, in Eastland County. On the contrary, the only relevant provision of the written contract introduced provided that it was performable in Tarrant County. It is, therefore, evident that plaintiff has failed to bring his suit within the provisions of subdivision 5, Art. 1995, as amended in 1935.

With reference to plaintiff's attempt to bring his suit within the provisions of subdivision 4 of Art. 1995, R.S. 1925, we call attention to the decisions that it is incumbent on plaintiff to prove that he has, in fact, a bona fide cause of action against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Caprito v. Weaver (Tex.Civ.App.) 77 S. W.2d 595. There is no evidence that the resident defendant, Castleberry, ever collected or received any refund on said processing tax. There is no evidence that either defendant has received a refund of said tax. As we understand plaintiff's asserted cause of action, recovery was contingent upon proof that said refund had been collected by the defendants. From what has been said, it is evident that plaintiff did not show a cause of action against Castleberry, the resident defendant, and, therefore, did not, by his proof, bring his suit within the provisions of subdivision 4 of Art. 1995.

We think there was no proper proof of execution by Bewley Mills of the alleged written contract. Said defendant's plea of privilege amounted to a plea of non est factum, requiring proof of execution by said defendant of the contract sued on. Key v. Mineral Wells Inv. Co. (Tex.Civ.App.) 96 S.W.2d 804. See also, Graham Mill & Elevator Co. v. J. U. Johnson, 130 S.W.2d 340, this day decided by this court.

For the reasons stated, the judgment of the trial court is reversed and the cause ordered transferred to a County Court of Tarrant County.