Southern Kansas Railway Company v. J. B. Morris.

No. 1716. Decided May 29, 1907.

**Carrier—Joint Owners—Contract—Parties.**

The shipper who contracts with a carrier on his own behalf for the transportation of property may maintain action for damage to it in transportation, though others, not joined as plaintiffs, were joint owners with him of the property. (P. 612.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Roberts County.

Morris sued the railway company and recovered judgment. It was affirmed on appeal by defendant, who thereupon obtained writ of error.

*J. W. Terry* and *Hoover & Taylor,* for plaintiff in error.—Plaintiff, being owner of only a one-fourth interest in the cattle shipped, can recover only that proportion of the damages to them. St. Louis S. W. Ry. Co. v. Jenkins, 14 Texas Ct. Rep., 77.

*W. D. Berry* and *Coffee & Kelly,* for defendant in error.—Plaintiff

could recover the entire damages. Cleveland v. Heidenheimer, 44 S. W. Rep., 551, 92 Texas, 112; Masterson v. International & G. N. Ry. Co., 55 S. W. Rep., 577; Waggoner v. Snody, 12 Texas Ct. Rep., 432.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error to recover damages to certain cattle which were shipped over its line of railway. He recovered a judgment which was affirmed by the Court of Civil Appeals.

There were two herds of the cattle, one of which was contracted to be shipped and were shipped in the name of the plaintiff and the other in the name of one J. P. Sutton. The Sutton cattle belonged to the firm of Sutton Brothers, who, before the action was brought, had assigned their claim to the plaintiff. The damage to the cattle was alleged to have been caused by their detention at the initial station in crowded pens for about twenty-four hours without food or water. It developed during the course of the trial that the cattle shipped in the name of plaintiff were owned by himself, his father and his two brothers, each having a one-fourth interest therein. The court ruled that notwithstanding this fact the plaintiff was entitled to recover the entire damage inflicted upon these cattle and judgment was given accordingly.

When we granted the writ of error in this case we were of the opinion that the Court of Civil Appeals was in error in sustaining this ruling; but now we see that under the rule established in this court we were mistaken in that view. The point was decided in the case of the Missouri Pacific Railway Company v. Smith (84 Texas, 348). In that case we said: "Evidence was also introduced upon the trial tending to show that the horses which were alleged to be injured belonged to plaintiff and Johnson as partners; and the court was requested to instruct the jury on behalf of the defendants, to the effect, that if the animals belonged both to plaintiff and Johnson they should return a verdict for the defendant. We are of the opinion that the court did not err in these rulings. We think the plaintiff had a right to sue alone, although the horses may have been the partnership property of himself and another. The exact form and terms of the contract of carriage do not appear from the record. The defendant, however, pleaded that the horses were shipped under a special contract in writing made between the plaintiff and itself. The testimony also shows, that the contract was made with the plaintiff alone and ostensibly for his own benefit. He seems to have been both consignor and consignee. The English doctrine seems to be, that as a general rule the owner of the goods, whether consignor or consignee, must bring action for a breach of the contract to carry and deliver the goods in safe condition; but there are American cases which hold, that when the contract is made directly with the consignor, he, as the party to the contract, has the right to sue in his own name for the breach without reference to his property in the goods. Citing, Blanchard v. Page, 8 Gray, 281; Hooper v. Chicago & N. W. Ry., 27 Wis., 81; Southern Express Co. v. Craft, 49 Miss., 480. . . . The rule commends itself to us as being logically deducible from correct principles, and as being both just and convenient in practice. (Hutch. on Carr., sec. 736.) No good reason can be urged against its application in a case like the present." In this

casc the bill of lading was made out in the name of the plaintiff and no other person appears as a party to the transaction. The case of the Missouri Pacific Railway Company v. Smith, is not distinguishable from that before us, and is therefore decisive of the question.

The Court of Civil Appeals, as we think, did not err in refusing to sustain the other assignments of error presented to them, and we deem it unnecessary to discuss them.

The judgment is affirmed.