TEXAS OVERALL CO. v. MUMMERT.

(Court of Civil Appeals of Texas. Ft. Worth. May 10, 1913.)

PRINCIPAL AND AGENT (§ 183*)—ACTIONS BY AGENT.

One who was a party to the contracts sued on could sue for their breach, though he was, when the contracts were executed, also an agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 691–700; Dec. Dig. § 183.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by Harry B. Mummert against the Texas Overall Company. Judgment for plaintiff. Defendant appeals. Affirmed.

Bryan & Spoonts, of Ft. Worth, for appellant. Flournoy, Smith & Storer, of Ft. Worth, for appellee.

#### Conclusions.

CONNER, C. J. It is insisted that the appellant company should have had an instructed verdict, on the ground that there was no testimony showing the right of appellee to maintain the suit in his own name. While appellee testified that he was engaged as a salesman for the "Wirter Press Company," and the orders constituting the basis of this suit recite that appellee was "state agent," nevertheless the orders as a whole are susceptible of a construction which sustains appellee's allegation that he was the owner and entitled to sue. The orders do not necessarily bear the construction that

they were addressed to the "Writer Press Company," but, on the contrary, may reasonably be construed as addressed to "Harry B. Mummert," state agent, to whom the express promise to "pay" was made. The term "state agent" may be disregarded as surplusage or treated as a mere descriptio personæ, and we think that the construction of the orders indicated should now, at least, be adopted, in view of the fact that the question was not raised below.

The evidence, therefore, authorizing the conclusion that appellee was a party to the contracts sued upon, it follows that he could sue for its breach, notwithstanding the fact that he at the time. was an agent of the Writer Press Company. See Sydnor v. Hurd, 8 Tex. 99, 100; Frazier v. Moore, 11 Tex. 755–756; Tinsley v. Dowell, 87 Tex. 23, 26 S. W. 946; M. P. Ry. Co. v. Smith, 84 Tex. 348, 19 S. W. 509; So. Kansas Ry. Co. v. Morris, 100 Tex. 611, 102 S. W. 396, 123 Am. St. Rep. 834; O'Brien v. Mayer, 143 S. W. 240.

No other question requiring notice having been presented, it is ordered that all assignments of error be overruled, and the judgment affirmed.