DYSART v. HAGAMAN et al.    (No. 1490.)

(Court of Civil Appeals of Texas.  El Paso.
           May 17, 1923.  Rehearing Denied
                      June 21, 1923.)

**1. Parties ⬅➡71—Action held brought by individuals, though alleging they acted as committee.**

Where plaintiffs sued as individuals, alleging that they constituted a committee, the objection to the suit that a committee is not such a person or legal entity as may sue at law was not valid.

**2. Principal and agent ⬅➡183(2)—Agent may sue in his own name on contract binding him personally.**

Where an agent's contract, although made on account of his principal, is such as to bind the agent personally, the agent may sue upon it at law in his own name and right.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by M. H. Hagaman and others against J. C. Dysart. From judgment for plaintiffs, defendant appeals. Affirmed.

Lee J. Marks, of Breckenridge, for appellant.

Ove E. Overson, of Ranger, and Conner & McRae, of Eastland, for appellees.

HIGGINS, J.  M. H. Hagaman and nine others, appellees, brought this suit against J. C. Dysart to recover the sum of $3,000, in substance alleging that they constituted a committee appointed by the citizens of Ranger, Tex., with the duty imposed upon such committee to manage, operate, direct, adjust, settle, and in any and all things to

---

adjust matters pertaining to securing the right of way through the city of Ranger for the Wichita Falls, Ranger & Fort Worth Railway, which duties have been and are now being performed by plaintiffs; that thereafter they entered into an oral agreement with Dysart by which a compromise was reached covering a lawsuit pending in the county court at law of Eastland county, upon appeal from the findings and decisions of appraisers of property owned by defendant, in which compromise agreement they agreed to pay Dysart $11,000 in settlement of his claim in said suit and damages suffered by him by reason of the right of way covering certain property belonging to Dysart in the city of Ranger, and Dysart agreed to accept said sum in full settlement of his claim and damage and to dismiss his suit upon payment of said sum; that there was on deposit with the county clerk of Eastland county the sum of $14,000, and upon said date defendant and Leslie Hagaman went to the county clerk of Eastland county and requested him to issue checks to defendant for the amount so deposited, and the clerk issued two checks and delivered the same to him, one for $11,000 and the other for $3,000, and defendant refused to deliver the $3,000 check to the said representative of plaintiffs; that it was agreed between plaintiffs and defendant that defendant was to redeliver said sum of $3,000 to plaintiffs, and defendant had refused so to do and had converted the same to his own use.

By trial amendment plaintiffs alleged that prior to the time of the agreed settlement the plaintiffs had entered into a written contract with said railway whereby they undertook and agreed to secure a certain right of way specified in the agreement and in carrying out such agreement they thereafter entered into another agreement with the citizens of the city of Ranger with reference to the securing of such right of way and were acting in the capacity set forth in their original petition and as alleged in the trial amendment concerning the matters complained of in the original petition.

The defendant interposed general and special exceptions to the petition which were overruled, and upon trial verdict was returned and judgment rendered in favor of the plaintiffs. The defendant appeals and complains of the overruling of his exceptions, urging in support thereof the following propositions:

(1) "A committee is not such a person or legal entity as can maintain a suit at law."

(2) "If all the parties in interest are not before the court as actual plaintiffs, suit should proceed in the name of one or more for the use also of the others interested."

[1] In so far as concerns the first objection, it is sufficient to say that it would be well taken if the plaintiffs had undertaken to sue as a committee and in the capacity of an independent and distinct entity as such. But this is not the nature of their suit. On the contrary, they sue as individuals. It is true they allege they constitute a committee, but the suit is nevertheless brought by them in their individual capacities.

In support of the second proposition appellant cites cases arising under our death by wrongful act statute.

These have no application because they are controlled by article 4699, R. S.

[2] The petition shows that in making the contract the plaintiffs were acting as the representatives of the citizens of Ranger in procuring the right of way. The general rule is that one who contracts as agent cannot maintain an action in his own name and right upon the contract, but to this rule there are well-recognized exceptions. Tinsley v. Dowell, 87 Tex. 23, 26 S. W. 946; Neal, v. Andrews (Tex. Civ. App.) 60 S. W. 459; 2 Mechem on Agency (2d Ed.) § 2024.

One of the exceptions is thus stated by Mechem:

"Where the contract is made with the agent as such but in such form as to appear to be made with him personally, whether as a result of an omission to disclose the fact of the agency or the name of the principal, or of a failure to use apt and sufficient language to bind the principal, the agent is, as, has been seen, personally liable upon the contract even though the principal also may in many cases be liable upon it. And this obligation is reciprocal; the other party is bound to the agent, and in the latter vests a legal interest in the contract, and, consequently, a right of action upon it, though his recovery is, of course, ordinarily for the benefit of his principal. It is therefore a general rule that where a contract, whether written or unwritten, entered into on account of the principal, is, in its terms, made with the agent personally, the agent may sue upon it at law." Section 2024.

The contract set up in the petition imposed a personal liability upon the plaintiffs for breach of which the appellant could have maintained an action against them. Consequently appellant was reciprocally bound to the plaintiffs, and the latter likewise had a right of action thereon.

Affirmed.