**A. R. EPPENAUER, Appellant,**

v.

**Baxter DAVIS et ux., Appellees.**

No. 5023.

Court of Civil Appeals of Texas.

El Paso.

July 14, 1954.

Rehearing Denied Sept. 22, 1954.

935

Henry Russell, Richard L. Toll, Pecos, for appellant.

Walker F. Means, Pecos, for appellees.

McGILL, Justice.

This was a suit for damages for breach of contract. Appellees were plaintiffs in the trial court, and appellant was defendant, and the parties will be so designated here.

Trial to the court without a jury resulted in a judgment in favor of plaintiffs against defendant for $4,872.06, with interest.

In their amended original petition on which the case was tried plaintiffs allege that on or about the 20th day of January, 1945, the plaintiff Edith L. Davis owned in fee simple title to Sections Nos. 19 and 20 in Block 33, H. & T. C. R. R. Co. Survey in Ward County, containing 1,280 acres of land, 350 acres of which plaintiffs had theretofore planted in hegira which they had already cut and bundled and shocked, and which weighed 234,500 pounds or 117¼ tons; that on such date the plaintiff Edith L. Davis, acting by and through her husband, entered into a written contract by the terms of which plaintiffs agreed to sell to defendant and defendant agreed to purchase all of the hegira grown on said 350 acres for a consideration of $20.00 per ton; that a copy of the written agreement was attached and made a part of the petition for all purposes. That by the terms of such agreement plaintiffs leased to defendant for grazing purposes all of the above described two sections of land for the period from January 20, 1945 to July 15, 1945, for the consideration of $1,000 cash in advance to be paid by defendant to plaintiffs, and for which the defendant delivered to plaintiffs his personal check for $1,000 dated January 19, 1945 and drawn upon the Fort Worth National Bank of Fort Worth, Texas; that such check was presented to said bank in the usual course of business and said bank acting upon instructions from defendant refused to pay the same; that immediately upon the execution of the aforesaid contract and the delivery of said check plaintiffs turned over to defendant all of the above described two sections of land and the defendant began hauling away the hegira; that plaintiffs do not know the

exact quantity of hegira defendant hauled from the premises but upon information and belief they allege that he hauled therefrom fifty tons of hegira; that about the time defendant started hauling said hegira he or his employees broke open and scattered all of the remainder of the bundled and stacked hegira, and without any just cause the defendant quit hauling hegira from the said 350 acres of land and quit the premises leased to him and refused to pay plaintiffs any sum of money whatever for the hegira or for the rental of the two sections of land and wholly breached said contract without cause or reason insofar as plaintiffs are concerned; that by reason of such breach and the scattering of said hegira the plaintiffs lost the entire 234,500 pounds of hegira, for which defendant agreed to pay $20.00 per ton, which was the reasonable value of said hegira; that in an effort to minimize their loss plaintiffs tried diligently to find some person to whom the scattered hegira might be sold and to whom the two sections might be leased, but were never able to find any person so interested and were unable to minimize their losses in the premises. They sought to recover for the hegira that had been bundled and stacked on the 350 acres $2,345.00, and for rental on the two sections of land the sum of a thousand dollars, or the aggregate sum of $3,345.00 with interest at the legal rate from January 20, 1945, and for costs of suit.

The defendant answered by general denial and further alleged that before defendant could remove the hegira heavy rains fell thereon and after he had removed twenty-four tons of said hegira he discovered that it was too wet to be moved and therefore opened the shocks of hegira so that the sun and air could penetrate and dry the same; that this was discovered by plaintiffs and plaintiff Baxter Davis refused to permit the defendant to remove any more of said feed and ordered him from said premises, and in view of this attitude he advised plaintiffs that he considered the contract terminated and did not remove any more hegira or graze his cattle on the land which was contemplated by the contract. He further alleges that the hegira was of the actual cash value of $20.00 per ton and that it had been sold by plaintiffs for said sum after the defendant refused the same, and further that plaintiffs thereafter re-leased the pasture to another man who ran stock thereon. The court filed findings of fact and conclusions of law which will hereafter be discussed.

Appellant has presented four points on which he seeks a reversal. Point No. 4 is to effect that since plaintiffs alleged a contract for the sale of the crop on Sections 19 and 20 in Block 33, H. & T. C. R. R. Co. Survey, and the proof showed a contract for the sale of such crop and lease of land on Sections 19 and 20, Block 33, T. & P. Ry. Co. Survey, there was a fatal variance between the pleading and the proof. Points Nos. 1, 2 and 3 are in substance that since the plaintiffs alleged that plaintiff Edith L. Davis was the owner of the two sections of land and the proof developed that Lucille Barnes Davis was the owner of Section 19, plaintiffs could not maintain the suit for that portion of the cause of action which belonged to Lucille Barnes Davis, but she was a necessary party plaintiff.

We shall first consider point No. 4. The court found and the evidence was uncontroverted that the land which was the subject of the contract was Section 20 and Section 19 in Block 33, H. & T. C. R. R. Co. Survey in Ward County; that there were no such sections in the Texas & Pacific Ry. Co. Survey in Ward County, and that the hegira crop and grazing land within the contemplation of the parties executing the written contract of January 20, 1945 was situated upon Sections 19 and 20, Block 33, H. & T. C. R. R. Co. Survey, Ward County, and it was the intention of the parties to said contract with relation to the hegira crop and grazing land situated upon said land above described, and further that the written contract by mutual mistake of the parties described the said Sections 19 and 20 as being in the Texas & Pacific Ry. Co. Survey instead of correctly describing such sections as being in the H. & T. C. Ry. Co. Survey. It is appellant's

position that this finding is without support in the pleadings and is therefore insufficient to support the judgment. Without objection the plaintiff Baxter Davis was permitted to testify:

"Q. I believe you testified Mr. Eppenauer himself drew the contract? A. Yes, sir.

"Q. What did you tell him about the description? A. I told Mr. Eppenauer my son and his wife owned Section 19, and I told him my wife and I owned Section 20, 19 and 20, Block 33, but I didn't know the railroad survey unless I was to look at a map; I didn't have a map. He doubtlessly did look that up, but I didn't.

"Q. You didn't remember the survey? A. No, only the sections.

"Q. But at all times you were contracting with reference to this particular piece of land over there in Ward County, on which the hegira was located. Is that right? A. Yes, sir.

"Q. Do you know of there being any Sections 19 and 20, T. & P. Ry. Co. Survey in Ward County? A. No, sir."

We think this evidence was sufficient to support the trial court's finding of mutual mistake. The evidence having been admitted without objection we think under Rule 67, Texas Rules of Civil Procedure the question of mutual mistake was tried by the implied consent of the parties, and that the objection that the trial court's finding is not supported by the pleadings is without merit, also that under Rule 90 T.R.C.P. this defect in pleading was waived by defendant. This point is overruled.

The evidence is uncontroverted that for some time prior to the execution of the contract plaintiff Edith L. Davis was the owner in fee simple of Section 20, and that Lucille Barnes Davis, the daughter-in-law of plaintiffs Baxter Davis and Edith L. Davis was the owner of Section 19; further that for several years prior to the execution of the contract in question the

plaintiff Baxter Davis with the consent and authority of the owners, Edith L. Davis and Lucille Barnes Davis, had managed the lands in controversy and had harvested and disposed of the crops thereon, and on January 20, 1945, he was the agent of said owners with authority to sell and dispose of all or any part of the crops thereon and to lease all or any part of said lands. The court's finding of fact No. 3 is to this effect.

The rule is well settled in this state that an agent who does not disclose the fact of his agency and contracts as the ostensible principal, is liable in the same manner and to the same extent as though he were the real principal in interest, also that correlative with such liability the agent has the right to sue on the contract in his own name, although the recovery will ordinarily be for the benefit of the principal; that the requirement of mutuality of obligation makes it essential in order that the agent may be accorded the right of suing that it should be apparent that the contract will be enforceable against him if the opposite party sued.

2 Tex.Jur.Agency, Sec. 172, pp. 583, 584; Williams v. Leon & H. Blum Land Co., Tex.Civ.App., 55 S.W. 374; Dysart v. Hagaman, Tex.Civ.App., 252 S.W. 1107; Texas Overall Co. v. Mummert, Tex.Civ.App., 157 S.W. 219; Cochran v. Siegfried, Tex.Civ.App., 75 S.W. 542.

Appellant recognizes this well-established rule, but contends that it is not applicable as applied to the facts of this case because the written contract on its face disclosed that the plaintiff Baxter Davis was the agent of his wife, Edith L. Davis. We fail to see how this fact can render the rule inapplicable as to Lucille Barnes Davis. The contract does not disclose that the plaintiff Baxter Davis was acting for her, in fact we think that the contract evidences the fact that Baxter Davis was not acting for Lucille Barnes Davis, since it states that he is acting for Edith L. Davis. Therefore, there is no reason why the general rule rendering the agent liable when he does not disclose his principal or where he

purports to act for himself, should not apply as to the plaintiff Baxter Davis, and hence the rule giving the agent in such instances the correlative right to sue on the contract should not apply. Furthermore, since the Supreme Court has in effect said that had a suit been filed on the contract against Baxter Davis it would in effect have been a suit against Lucille Barnes Davis, since she was the real party to the original suit, see Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949, loc. cit. 952 (1, 2), we think that the converse of this holding must necessarily follow, that is, that a suit by Baxter Davis is in effect a suit by Lucille Barnes Davis since she is the real party in interest.

We therefore overrule appellant's points 1, 2 and 3, and affirme the judgment of the trial court. It is so ordered.