Bob MOERBE, d/b/a Bob's Air
Conditioning, Appellant,

v.

Frank MEECE, Appellee.

No. 13339.

Court of Appeals of Texas,
Austin.

Oct. 28, 1981.

Rehearing Denied Nov. 18, 1981.

Dale E. Muller, Austin, for appellant.

James Larry Parks, Haralson & Parks, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a judgment denying a bill of review.

Appellant, Bob Moerbe, doing business as Bob's Air Conditioning, filed the bill of review in the county court at law of Travis County requesting relief from a previous judgment entered by that court in cause number 62,588. The county court at law denied the bill of review, and awarded appellee Frank Meece attorney's fees for defending that proceeding.

In the winter and spring of 1976, appellant repaired the air conditioning system at Spanish Oaks Apartments in Austin. The repairs were authorized by Meece. Appellant billed the Spanish Oaks Apartments for the work, but some of the bills were not paid. In April of 1976, appellant began adding a 1½% per month interest charge for late payment of the outstanding balance.

In November, 1976, appellant filed suit against Meece for the unpaid balance. By amended answer, Meece claimed that he did not own Spanish Oaks Apartments, did not contract for the repair work to be done, and did not agree to pay for the repair work done. Meece alleged further that Austin Oaks, Inc., was the owner of the Spanish Oaks Apartments, and that he, Meece, was not liable in the capacity in which he was sued.

Appellant amended his petition stating a cause of action against Meece under the theory of undisclosed principal, alleging that Meece never disclosed to appellant that he was acting as agent for another. Meece filed a counterclaim, claiming that the 1½% per month interest charge was usurious. Trial was to a jury, which found for appellant on all issues. In this connection, the jury answered that Meece did not disclose to appellant that he was acting in the capacity of a representative of Austin Oaks, Inc. Nevertheless, the court concluded, as a matter of law, that Meece had established the counterclaim for usury and entered judgment that appellant take nothing and that Meece receive penalties and attorney's fees as provided under Tex.Rev.Civ.Stat. Ann. art. 5069–1.06(2).

The judgment was signed on October 31, 1979. The clerk of the court, however, failed to send notice that judgment had been signed. Moerbe first learned that the judgment had been entered on December 4, 1979, more than 30 days after entry of judgment. He was precluded, therefore, from filing a motion for new trial or appeal bond. Moerbe filed the bill of review proceeding attacking this judgment. Meece filed a counterclaim for attorney's fees incurred in contesting the bill of review.

The county court at law concluded that appellant satisfied all requirements of a bill of review except that he failed to show a meritorious defense to the original suit. See *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240 (Tex.1974). Accordingly, the court denied the bill of review.

Appellant asserts in points of error one through three that the court erred in denying the bill of review on the ground that he had not shown a meritorious defense. Appellant's claimed meritorious defense to the original action was that Meece was not entitled to judgment on his counterclaim for usury because Meece was not the proper party to assert usury. Appellant contended that because Meece did not own Spanish Oaks Apartments, he was not charged any usurious interest. Austin Oaks, Inc., as owner of the apartments, was the party charged such interest and thus should be the only party entitled to assert usury. Because Austin Oaks, Inc., was not joined as a party, appellant claims Meece could not assert usury. We will overrule these points of error.

■ An agent who contracts with a third party without disclosing his agency or the existence of his principal, is liable on the agreement in the same manner and to the same extent as if he were the actual principal in interest. *Eppenauer v. Davis*, 272 S.W.2d 934 (Tex.Civ.App.1954, writ ref'd n. r. e.). Liability is imposed upon the agent because a contract was made between the third party and himself.

■ If the agent acts within the scope of his authority, but fails to disclose the fact of his agency, then both the agent and principal are liable, but the third party cannot recover from both. *Moody-Seagraves Ranch, Inc. v. Brown*, 69 S.W.2d 840, 844 (Tex.Civ.App.1934, writ ref'd). Instead, the third party must make an election as to whether he wishes to hold the principal or agent liable. *Medical Personnel Poole, Inc. v. Seale*, 554 S.W.2d 211 (Tex.Civ.App.1977, writ ref'd n. r. e.). Where an action is brought against an agent, and the identity of an undisclosed principal is then disclosed, the third party can make him a party and proceed with his action against both principal and agent. *Veazie v. Beach Plumbing & Heating Co.*, 235 S.W. 695 (Tex.Civ.App. 1921, no writ). If the third party proceeds against both parties, he may, prior to judgment, elect to take judgment against one or the other, and dismiss the other party. *Owen v. King*, 84 S.W.2d 743, *rev'd on other grounds*, 130 Tex. 614, 111 S.W.2d 695 (1938).

■ In the case at bar, appellant discovered that Meece was acting as an agent for an undisclosed principal—Austin Oaks, Inc. He amended his pleadings and tried his lawsuit on the theory that Meece was liable for the overdue bills as an agent for an undisclosed principal. Special Issue No. Two inquired as to whether Meece disclosed that he was acting as agent of Austin Oaks, Inc. The jury answered in favor of appellant. However, appellant's failure to join Austin Oaks, Inc., as a party to the lawsuit resulted in an election to proceed against the agent instead of the principal. An undisclosed principal is not an indispensable party in an action against the agent by a third party to a contract. *Heinrichs v. Evins Personnel Consultants, Inc.*, 486 S.W.2d 935 (Tex.1972).

Appellant states that under the general rule Meece could not maintain the counterclaim for usury in his name since he was merely an agent for Austin Oaks, Inc. One of the exceptions to the rule, however, occurs when the principal is undisclosed. *Tinsley v. Dowell*, 87 Tex. 23, 26 S.W. 946 (1894); *Eppenauer v. Davis, supra. Wilson County Peanut Co. v. Hahn*, 364 S.W.2d 468 (Tex.Civ.App.1963, no writ). In this situation, any recovery by the agent will ordinarily be for the benefit of the principal alone. An undisclosed principal, for whom the agent brings suit on the contract made by the agent, is said to be before the court to the same extent as if his name had been used in the case. *Zachry v. Robertson*, 147 Tex. 307, 214 S.W.2d 949, 952 (1948).

■ Under the doctrine of mutuality of obligation, if the third party can enforce a contract against the agent of an undisclosed principal, then the agent must be accorded the right to sue on the contract, or raise such defenses and counterclaims as are necessary to defend himself from liability. See *Eppenauer v. Davis, supra.*

■ With the foregoing rules in mind, this Court has concluded, that since appellant may hold Meece liable for the unpaid repair bills, Meece has the corresponding right to defend himself based upon the same contract. Because Meece was entitled to assert usury, the trial court correctly determined that appellant established no meritorious defense.

Appellant's fourth point of error is that the trial court erred in entering judgment for Meece because, as a matter of law, he was not entitled to attorney's fees for the defense of the bill of review.

Unless authorized by contract or by statute, attorney's fees may not be recovered. *New Amsterdam Casualty Co. v. Texas Industries*, 414 S.W.2d 914 (Tex.1967); *Wm. Cameron & Co. v. American Surety Co. of New York*, 55 S.W.2d 1032 (Tex.Comm'n App.1932, holding approved). It is clear

that there is no contract involved in a bill of review proceeding, nor does Tex.Rev.Civ. Stat.Ann. art. 2226 authorize recovery of attorney's fees in the defense of a bill of review.

Meece claims, however, that because appellant was obligated to demonstrate a meritorious defense to his counterclaim for usury, Meece was thereby forced to prove the merits of the counterclaim. Therefore, the argument continues, because Meece was obligated to prove usury again under Tex. Rev.Civ.Stat.Ann. art. 5069–1.06, he was entitled to attorney's fees under art. 5069–1.-06(2). We disagree. The allegations in Meece's answer to the bill of review are not another counterclaim for usury, but are allegations rebutting appellant's claim of a meritorious defense. To obtain attorney's fees in a usury case, a party must plead and prove a cause of action under the statute. The defense of a bill of review proceeding is not equivalent to the establishment of an affirmative cause of action under the statute.

That part of the judgment awarding Meece recovery of attorney's fees in the bill of review proceedings is severed from the balance of the judgment, and is reversed. Judgment is here rendered that Meece take nothing with respect to attorney's fees in the bill of review proceeding. The judgment is affirmed in all other respects.

Because this opinion presents no question or application of any rule of law of interest or importance to the jurisprudence of this State, we order it not published. Tex.R. Civ.P. 452.