Guy ALLISON, et al, Petitioners,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, et al, Respondents.

No. C–4767.

Supreme Court of Texas.

Feb. 5, 1986.

**638**

Edwards, McMains & Constant, William R. Edwards and Russell H. McMains, Corpus Christi, for petitioners.

Helm, Pletcher & Helm, Bowen & Saunders, George E. Pletcher, Houston, James Allen, Wood & Burney, Corpus Christi, Martin & Sperry, Steve A. Bryant, Houston, for respondents.

PER CURIAM.

This case requires us to determine whether failure to join third parties, who are common parties to two competing sets of contracts, to a declaratory judgment action between the non-common parties is fundamental error. We hold that it is not, grant writ of error, and, without hearing oral argument, reverse the judgment of the court of appeals and remand this cause to that court for further proceedings. Tex.R.Civ.P. 483.

Petitioners are Guy Allison, Dan Alfaro, Holland American Insurance Company, Houston General Lloyds, Robert Patterson, Albert Huerta and Gerald Beckman. The named individuals are attorneys and the two companies are insurers of clients who sued for damages arising from the 1981 Corpus Christi grain explosions, pursuant to contingent fee contracts. Subsequently, the clients entered into "Mary Carter" type agreements with Respondent National Union, a settling defendant in those suits.

This declaratory judgment involves the construction of the two sets of competing contracts. Both parties agree that the two sets of contracts are unambiguous. The facts are not in dispute and both parties filed for summary judgment. The trial court rendered judgment for the attorneys. The court of appeals reversed that judgment, finding that the clients should have been joined as necessary parties to the action. 698 S.W.2d 198.

National Union asserted joinder by way of an unverified special exception. A proper challenge to a defect of parties is by way of verified plea. Tex.R.Civ.P. 93. Thus, our inquiry is limited to whether the trial court's failure to join the clients constitutes fundamental error. *Clear Lake City Water Authority v. Clear Lake Utilities Co.*, 549 S.W.2d 385 (Tex.1977).

Applying the provisions of Rule 39 and the principles espoused in *Clear Lake*, we cannot say that the absence of the clients to this declaratory judgment action was so crucial as to amount to fundamental error. The court of appeals erred in so holding.

Because the holding of the court of appeals is contrary to Tex.R.Civ.P. 39 and this court's holdings in *Clear Lake Water Authority v. Clear Lake Utilities Co.*, the judgment is reversed and the cause is remanded to that court for further consideration consistent with this opinion.