**Affirmed and Memorandum Opinion filed July 9, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00246-CV

---

## LINDA ALLAN, Appellant

### V.

## NATIONSTAR MORTGAGE, LLC, Appellee

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2016-09047**

---

## M E M O R A N D U M   O P I N I O N

In this foreclosure case, Linda Allan appeals the summary judgment rendered in favor of appellee Nationstar Mortgage, LLC. In the two dispositive issues, she contends that summary judgment was improper because (a) Nationstar failed to conclusively establish that it was assigned the right to foreclose, and (b) Nationstar failed to pursue claims against a necessary party. Because the evidence conclusively established Nationstar's right to foreclose and the necessary-party complaint was waived, we affirm the trial court's judgment.

# I. BACKGROUND

In June 2008, lender Bristol Financial, Inc. made a home-equity loan of $284,000 to Linda Allan. The Texas Home Equity Security Instrument identifies Linda Allan as the borrower, and as required by the Texas Constitution, the security instrument also was signed pro forma by her then-spouse Ziad A. Allan.[1] *See* TEX. CONST. art. XVI, § 50(6)(A) (requiring a home-equity loan to be "secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse"). The security instrument specifically provides, "Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Extension of Credit current."

The security instrument identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the lender's nominee and the beneficiary of the security agreement. MERS then assigned the note and deed of trust to Flagstar Bank, and Flagstar assigned them to appellee Nationstar.

Linda defaulted on the loan but cured the default by entering into a "Home Affordable Modification Agreement." Under the terms of the Modification Agreement, the interest rate on Linda's loan was reduced and all late charges that had accrued as of the effective date of the agreement were waived, but all other past-due amounts were added to the principal. Linda also reaffirmed in the Modification Agreement that all terms of the original note and security instrument remained in effect except as modified.

Linda again defaulted, and Nationstar accelerated the note and applied for an expedited order of foreclosure. *See* TEX. R. CIV. P. 736.1. In response, Linda filed

---

[1] Because they share the same last name, we refer to Linda and Ziad Allan by their respective given names.

this action. She alleged that the promissory note did not allow the lender to return partial payments and capitalize overdue amounts, and she characterized the partial payments that had been returned to her as further extensions of credit. She additionally alleged that Nationstar's attempt to foreclose was barred by limitations. She asked the trial court to declare that she owes nothing, or alternatively, to declare the amount of her indebtedness. She further sought declarations that Nationstar violated Article XVI, section 50 of the Texas Constitution, and that Nationstar is constitutionally barred from foreclosing on the property.

In its counterclaim, Nationstar alleged that the Allans own the property and that Linda defaulted on the note securing their home equity loan. Although Nationstar made these allegations against Linda, as a counter-defendant, and against Ziad Allan, as a third-party defendant, Ziad was never served; thus, he did not become a party to this suit. Nationstar nevertheless filed a notice of nonsuit dismissing its claims against Ziad.

Nationstar successfully moved for summary judgment both on Linda's claims and on its own counter-claims. The trial court dismissed Linda's claims with prejudice and declared that (a) the security instrument is binding, (b) Nationstar has a valid and binding security interest in the property, and (c) the property is subject to foreclosure. The trial court also ordered that its judgment have the force and effect of a writ of possession. Finally, the trial court rendered judgment against Linda for $484,047.40, plus per diem interest, to be satisfied from the seizure and sale of the home at a public auction.

Linda moved for a new trial on the ground that Nationstar failed to pursue its claims against Ziad despite its allegations that both Linda and Ziad own the home. She additionally argued that Nationstar failed to produce competent summary-judgment evidence that it is the assignee of the original lender, Bristol Financial.

3

Nationstar responded, and the trial court allowed the motion to be overruled by operation of law. Linda now appeals the judgment.

## II. ISSUES AND STANDARD OF REVIEW

Linda's first two issues reurge the arguments from her motion for new trial, namely, that Nationstar failed to establish that it received rights in the property through an assignment from the original lender, and that Nationstar pleaded, but failed to pursue, claims against Ziad Allan as a joint owner of the property.[2] In her third issue, Linda asserts that the trial court erred in considering evidence that Nationstar attached to its motion for new trial, because evidence introduced after the trial court granted summary judgment is irrelevant and cannot "relate back to make the granting of summary judgment proper."

To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). We review a summary judgment de novo, construing the evidence in the light most favorable to the non-movant by crediting evidence favorable to the non-movant if a reasonable juror could and disregarding contrary evidence unless a reasonable juror could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

## III. NATIONSTAR'S RIGHT TO FORECLOSE

Citing *Bierwirth v. TIB-The Indep. BankersBank*, No. 03-11-00336-CV, 2012 WL 3239121, at *4 (Tex. App.—Austin Aug. 10, 2012, no pet.) (mem. op.), Linda

---

[2] We have reversed the order of the first two issues because Linda's argument that Nationstar failed to establish that it was assigned the right to foreclose implicates standing, which is a jurisdictional complaint. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) (explaining that standing is implicit in subject-matter jurisdiction).

asserts that Nationstar failed to establish its right to foreclose. It is an apt citation, for *Bierwirth* is nearly on all fours with this case. There, as here, a bank filed a home-equity foreclosure application. *See id.* at \*1. There, as here, the homeowner responded by suing for declaratory relief that the bank did not have the right to foreclose, and the bank counterclaimed for an order authorizing foreclosure. *See id.* Just as in this case, the bank in *Bierwirth* successfully moved for traditional summary judgment on its foreclosure claim, and the homeowner argued on appeal that the evidence failed to establish the right to foreclose. *See id.* at \*4.

But the most compelling similarity is the evidence. The homeowner in *Bierwirth* signed the same standard contracts that Linda signed, those being the Texas Home Equity Note and the Texas Home Equity Security Instrument. The *Bierwirth* court held that copies of these contracts, together with a copy of their assignment to the bank and the affidavit of the bank's vice president attesting to the default, to the amount owed, and to the delivery of all required notices, were sufficient to conclusively establish the bank's right to foreclose.

Nationstar presented the same evidence in this case. Nationstar's summary-judgment evidence included authenticated copies of Linda's signed Texas Home Equity Note and Texas Home Equity Security Instrument, the assignments, and the affidavit of Nationstar's vice president.

> The security instrument states,
>
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. . . . . Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right; to exercise any or all of those interests, including, but not

limited to, the right to foreclose and sell the Property; and to take any action required of Lender . . . .

Chapter 51 of the Texas Property Code defines a "mortgagee" who is authorized to foreclose to include "the grantee, beneficiary, owner, or holder of a security instrument." TEX. PROP. CODE ANN. § 51.0001(4); *Bierwirth v. BAC Home Loans Servicing, LP*, No. 03-12-00583-CV, 2014 WL 712520, at *3 (Tex. App.—Austin Feb. 20, 2014, no pet.). Thus, MERS had the right to foreclose. MERS then assigned the note and deed of trust to Flagstar Bank, F.S.B., on September 3, 2009. A few weeks later, Flagstar assigned them Nationstar, thereby giving Nationstar the right to foreclose.

Linda contends that this evidence is insufficient because the assignment from MERS to Flagstar identifies MERS "as nominee for Lender and Lender's successors and assigns" and does not name the Lender. Linda does not explain why she believes it necessary to name the Lender, given that MERS was authorized to act, and did act, not only for the Lender, but also for any of the Lender's "successors and assigns." Moreover, the assignment also points out that the security instrument is filed in the office of the Harris County Clerk, File No. 20080316167, and Nationstar's evidence includes an authenticated copy of the security instrument, which is stamped with that file number and which identifies the lender as Bristol Financial.

We conclude that Nationstar conclusively established that it received by assignment the right to foreclose on the property, and we overrule this issue.

## IV. LINDA'S NECESSARY-PARTY COMPLAINT

Linda next contends that the trial court erred in granting Nationstar summary judgment because Nationstar failed to pursue claims against Ziad Allan, whom Linda characterizes as a necessary party. We conclude that this complaint has been waived.

6

A party must object to the failure to join a necessary party by a pleading verified by affidavit. *See* TEX. R. CIV. P. 93(4) ("unless the truth of such matters appear of record," a pleading setting up a "defect of parties" "shall be verified by affidavit"); *CHCA E. Hous., L.P. v. Henderson*, 99 S.W.3d 630, 633 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("Generally, a 'defect of parties' refers to joinder problems involving necessary or indispensable parties." (citing *Allison v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 703 S.W.2d 637, 638 (Tex. 1986) (per curiam))). Linda raised this complaint in her motion for new trial after the trial court granted summary judgment. Thus, the complaint is both untimely and unverified, and it accordingly is waived. *See, e.g.*, *Taylor v. Shelton*, 772 S.W.2d 281, 286 (Tex. App.—Amarillo 1989, writ denied) (appellant's complaint that trial court rendered judgment in the absence of necessary and indispensable parties was waived where "they did not raise the issue until after the court heard and orally announced the granting of the motion for summary judgment").

We overrule this issue. It accordingly is unnecessary to address Linda's third issue, in which she argues that the trial court erroneously considered the evidence of Linda and Ziad Allan's divorce, which Nationstar attached to and incorporated in its response to Linda's motion for new trial.

## V. CONCLUSION

Having overruled the dispositive issues in this appeal, we affirm the trial court's judgment.

/s/     Tracy Christopher
        Justice

Panel consists of Justices Christopher, Bourliot, and Zimmerer.

7